ALICE A. MATHEWS, A MINOR, SUING THROUGH HER NEXT FRIEND, DAVID MATHEWS, *Plaintiff in Error*, v. THE CITY OF MIAMI, A MUNICIPAL CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF FLORIDA, *Defendant in Error*.

### Opinion Filed January 28, 1920.

In an action to recover damages for injury to a child caused by the negligent operation of a draw bridge, where a cause of action is stated, and there is some substantial evidence tending to show a negligent injury as alleged, a verdict for the defendant should not be directed by the court.

A Writ of Error to the Circuit Court for Dade County, H. Pierre Branning, Judge.

Judgment reversed.

*E. M. Semple* and *Sanders & Thompson,* for Plaintiff in Error;

*Hudson, Wolfe & Cason,* for Defendant in Error.

WHITFIELD, J.—The first count of the amended declaration herein under which trial was had, after a demurrer thereto had been overruled, is as follows:

"Now comes Alice A. Mathews, a minor, suing through her next friend, David Mathews, by Sanders & Thompson and E. M. Semple, her attorneys, and sues the City of Miami, a municipal corporation, chartered, organized and existing under and by virtue of the laws of the State of Florida, and for cause of action avers and says:

"First, That heretofore on the 2nd day of January, 1917, the said defendant was and is now a municipal corporation and under its charter of incorporation was and is clothed with the powers, and subject to all the duties and liabilities incident to its existence as a city; and as such city, by and through its said charter, it was and is empowered and authorized and had and has exclusive power and control of the construction, repair and operation of all streets, alleys, avenues, lanes, public crossings and bridges, within the corporate limits of said city; and it was the duty of said city of Miami to keep the same in repair and order for the use of the public and all persons lawfully using same for public use and travel, and for that purpose to raise money by taxes and levies assessed upon property within said city. And the said plaintiff says that before the day hereinbefore specified, the defendant had laid out and opened for public use in said city, a certain public street commonly called and known as Avenue 'D,' upon which said street was con-

structed, across the Miami River, which runs through the said city of Miami, what is commonly known as the Avenue 'D' bridge, and which said bridge was at that time and had been since before the 2nd day of January, 1917, and was on that day so opened for use by the public and individuals, and had been, and was being so used as a public bridge or crossing. That the said bridge was constructed under the plans of what is commonly called a draw-bridge, for the purpose of permitting boats and vessels to pass back and forth in the waters of said Miami River, and plaintiff alleges and so avers that it was the duty of the said city of Miami to so construct, manage and operate said draw-bridge in such a safe and serviceable manner and with such reasonable and proper care and precaution as to protect all persons lawfully upon said bridge from injury by reason of the operation of said bridge in the opening and closing same.

"Yet the said defendant, notwithstanding its duty as aforesaid, did not keep the said Avenue 'D' bridge in a sound, safe and serviceable condition for public use and travel nor did it operate the said bridge in a sound, safe and serviceable manner and with reasonable and proper care and precaution for the protection of the life and limbs of persons using same, but on the contrary, wilfully, negligently, wrongfully and unjustly permitted the aforesaid bridge, known as the Avenue 'D' bridge, to be operated at and before the date above mentioned, and with the knowledge of the said defendant, in an unsafe, dangerous and defective condition, by wilfully and negligently failing to provide proper guards for the prevention of persons passing to or upon said draw-bridge at such times as the said draw was being opened and closed, or operated for the passage of the

boats and vessels as aforesaid; and plaintiff further alleges and so avers that the only guards erected upon said bridge were constructed of frail cane reeds or fishing poles, and that they were so placed as to be raised and lowered directly over the locks in the said Avenue 'D' bridge, or at the points where the edges of the stationary part of the bridge comes in contact with the edges of the draw, instead of proper material and at a safe distance from the edge of the said draw-bridge and that at the time and prior to the date above mentioned it had become customary, and the keeper and operator of said draw-bridge permitted children of tender years, as well as other persons, to pass under the said defective guards and to step or jump upon said draw-bridge while same was yet in motion, by reason whereof, to-wit on the 2nd day of January, A. D. 1917, the said Alice A. Mathews, a minor, being at that time a child of tender years, to-wit, ten years of age, was, while walking along and passing over said bridge, as she had a right to do, was by reason of the defects aforesaid in the construction of said guards, and by reason of the wilful and negligent manner in which said draw-bridge was operated, caught in the lock of said bridge as the draw came against and in contact with the stationary part of the bridge, and as a result thereof, her knee was badly crushed and broken and the ligaments of said joint torn and lacerated and she was greatly injured and painfully hurt, and also by means of the premises aforesaid, the plaintiff herein became and was sick, sore, lame and disordered and so continued for a long space of time, and will so continue to the end of her life, during which said time said plaintiff has suffered and will continue to suffer great pain; that due notice in writing of the damage and injury

complained of was given to the City Attorney, and the defendant municipal corporation within the time and in the manner prescribed by law. And the plaintiff claims damages in the sum of Twenty-five Thousand Dollars."

The pleas were of not guilty and of contributory negligence. After the testimony for the plaintiff had been introduced and the plaintiff rested, the court on motion of the defendant directed a verdict for the defendant, to which the plaintiff excepted, and judgment for the defendant was rendered on such verdict. Writ of error was taken by plaintiff.

While the allegations of the declaration as above set out may be regarded as unduly prolix and while there is much indirectness of statement, the allegations do state a cause of action for an injury to a minor child caused by the negligent operation of the draw-bridge by the defendant. See Standard Phosphate Co. v. Lunn, 66 Fla. 220, 63 South. Rep. 429; Tampa & J. R. Co. v. Crawford, 67 Fla. 77, 64 South. Rep. 437; National Surety Co. v. Williams, 74 Fla. 446, 77 South. Rep. 212; Town of DeFuniak Springs v. Perdue, 69 Fla. 326, 68 South. Rep. 234.

The statute provides that "If  *  *  * after all the evidence has been submitted on behalf of the plaintiff in any civil case, it appears to the judge  *  *  * that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff, the judge may then direct the jury to find a verdict for the defendant." Chap. 6220, Acts 1911, Sec. 1496 Compiled Laws, 1914; Haile v. Mason Hotel & Investment Co., 71 Fla. 469, 71 South. Rep. 540.

The injury in this case was to a child and was caused by the operation of a draw-bridge, and it cannot be said as matter of law that there was no substantial evidence showing inadequate protection to those using the bridge under the circumstances alleged from exposure to injury in the operation of the draw, by means of a moving iron adjustment which projected over the edge of the bridge in closing the draw and caused the injury. This being so a verdict for the defendant should not have been directed. See Gravette v. Turner, 77 Fla. 311, 81 South. Rep. 476, where the principles governing the direction of verdicts are stated, and authorities cited. See also Nelson v. Hall, 73 Fla. 810, 74 South. Rep. 877; Gardner Lumber Co. v. Bank of Commerce, 73 Fla. 246, 74 South. Rep. 313; Carney v. Stringfellow, 73 Fla. 700, 74 South. Rep. 866,

Judgment reversed.

BROWNE, C. J. AND TAYLOR, ELLIS AND WEST, J. J. concur.