181 So.2d 669 (1966)
JIMARYE, INC., a Florida corporation, Appellant,
v.
Hubert A. PIPKIN, Appellee.
No. G-225.
District Court of Appeal of Florida. First District.
January 11, 1966.
Rehearing Denied January 31, 1966.
William M. Barr of Raymond, Wilson, Karl & Conway, Daytona Beach, for appellant.
Parkinson, Sessions, Duffett & Barry, Daytona Beach, for appellee.
WIGGINTON, Acting Chief Judge.
Appellant, who was defendant in the trial court, has appealed a final judgment entered upon a jury verdict awarding damages to appellee for the alleged breach of an employment contract entered into between the parties to the action. Appellant contends that the trial court erred in denying its motion for a directed verdict made at the close of the evidence, and further erred in denying its post-trial motion for judgment in accordance with its motion for directed verdict.
It is appellant's position that the evidence adduced by the parties at the trial establishes as a matter of law that appellee violated the terms and provisions of his employment contract with appellant, and the trial court therefore should have granted its motion for directed verdict rather than submit the case to the jury for its determination.
The general rule appears to be that whether an employee has breached the terms of his employment contract in such a substantial degree as to justify his discharge is generally a question of fact to be decided by the jury if the pertinent evidence on this issue could lead the minds of reasonable men to conflicting conclusions. If not, the issue becomes a question of law to be decided by the court.[1]
Our review of the record reveals evidence which might lead a reasonable mind to conclude either that appellee had not violated the provisions of his employment contract, or if so, such violation was not sufficiently substantial to justify his discharge. Even though there is other evidence in the record which might reasonably lead to a contrary conclusion, we hold that the trial court did not commit error in submitting *670 the issues in this case to the jury for its decision. No question has been raised as to the sufficiency of the instructions on the law of the case as given to the jury by the court at the conclusion of the trial. It was essentially a jury question as to whether appellee had substantially breached his contract of employment, and if not, whether his discharge was wrongful, justifying an award of the damages fixed by the jury in its verdict. Appellant having failed to demonstrate harmful error, the judgment appealed is affirmed.
STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] 35 Am.Jur. 494-495, Master and Servant, § 61.