206 So.2d 34 (1967)
Kathleen PEELER and Richard Peeler, Her Husband, Appellants,
v.
INDEPENDENT LIFE AND ACCIDENT INSURANCE CO., a Florida Corporation, Appellee.
No. 67-216.
District Court of Appeal of Florida. Third District.
December 27, 1967.
Rehearing Denied February 6, 1968.
*35 Edward P. Swan and Charnelle H. Summers, Jr., Miami, for appellants.
Fowler, White, Collins, Gillen, Humkey & Trenam and Henry Burnett, Miami, for appellee.
Before PEARSON, HENDRY and SWANN, JJ.
HENDRY, Judge.
This is an appeal by the plaintiffs from an order of the trial court granting the motion of defendant, Independent Life and Accident Insurance Company, to dismiss plaintiffs' first amended complaint.
In substance, the amended complaint alleges that plaintiffs made application to the defendant insurance company for a policy of hospitalization insurance; that plaintiffs were informed by an agent of the company that a company doctor would visit the plaintiff, Mrs. Peeler, in her home for the purpose of conducting a required physical examination; that subsequently, a Dr. Blackmon, who was a co-defendant below but who is not a party to this appeal, did, in fact, come to the plaintiffs' home, and did then and there, upon the pretext of conducting a proper medical examination of Mrs. Peeler commit a "wanton and outrageous" assault upon the person of the plaintiff; and, that as a result of the wrongful act of defendant, Blackmon, plaintiffs have suffered injury, for which they demand damages, both compensatory and punitive. The portions of the amended complaint materially affecting the appellee, Independent Life and Accident Insurance Company, upon this appeal, reads as follows:
"COUNT I"
* * * * * *
"4. That at all times and on all occasions mentioned in this Complaint, Defendant, Blackmon, was acting within the scope or course of his employment or authority as the servant or agent of the Defendant, Independent. Further that Defendant, Independent, clothed Defendant, Blackmon, with authority and placed him in a position to commit the atrocious and deceitful acts complained of herein."
* * * * * *
"6. That Defendant, Independent, did retain and employ Defendant, Blackmon, *36 to conduct a physician's physical examination of Plaintiff, Kathleen Peeler, following and in conjunction with the foregoing application for insurance."
* * * * * *
"10. That the foregoing physical examination was conducted in an unlawful manner in its inception, by reason of the fact that Defendant, Blackmon, was not then a medical doctor duly licensed to practice by the Florida State Board of Medical Examiners. Further, that such examination was an unlicensed practice of medicine as defined in F.S. 458.13(1); and therefore was an unlawful act, violative of the provisions of Chapter 458 of Florida Statutes. * * *"
"11. That Defendant, Independent, had actual knowledge or reasonably should have known of the unfitness of Defendant, Blackmon, on the within occasion selected or retained by them as a physician to conduct the foregoing examination of the Plaintiff, Kathleen Peeler. More particularly, that said Defendant, Independent, selected or retained Defendant, Blackmon, to conduct a physical examination of the Plaintiff, Kathleen Peeler having actual knowledge or reasonably should have known of the fact that said Defendant, Blackmon, was not competent, qualified and duly licensed to conduct such an examination."
Count II charges the "willful and malicious infliction of mental distress". The applicable portions of Count III recite:
"2. That the acts and damages herein complained of were the further proximate result of the gross negligence of the Defendant, Independent. More particularly, that the Defendant, Independent, acted with wantonness and reckless indifference for the rights of others by employing Defendant, Blackmon, whom they knew or reasonably should have known was not a properly licensed medical doctor, to unlawfully conduct physical examinations of their insurance applicants. Further, that Defendant, Independent, on the foregoing occasion knew or reasonably should have known that they were employing or retaining Defendant, Blackmon, not then duly licensed by the Florida State Board of Medical Examiners to conduct a physical examination on Plaintiff, Kathleen Peeler, in violation of Florida Stattute (sic) 458.13(1); * * *."
Upon motion of the defendant insurance company, the first amended complaint was dismissed as to Independent Life and Accident Insurance Company, whereupon, plaintiffs brought this appeal.
The sole question on this appeal is: Does the complaint state a cause of action against the insurance company? We are of the opinion that this question must be answered in the affirmative as to Count I.
It is the established rule that, upon a motion to dismiss a complaint for failure to state a cause of action, all material allegations of the complaint are taken as true Thompson v. Safeco Insurance Company of America, Fla.App. 1967, 199 So.2d 113; Ocala Loan Company v. Smith, Fla.App. 1963, 155 So.2d 711. Those allegations are then reviewed in light of the applicable substantive law to determine the existence of a cause of action. Kutner v. Kalish, Fla.App. 1965, 173 So.2d 763.
The elements which constitute actionable negligence are correctly stated in 65 C.J.S. Negligence § 2(1), which recites:
"In every case involving negligence there are necessarily three elements essential to a cause of action: (1) The existence of a duty or obligation on the part of defendant to protect plaintiff from the injury. (2) Failure of defendant to perform or discharge that duty. (3) Injury to plaintiff resulting from such failure of defendant."
Applying the allegations of the complaint to the substantive law as above stated, we find that Count I is legally sufficient *37 to state a cause of action. That portion of the order appealed dismissing Count I must, therefore, be reversed.
We are of the opinion, however, that allegations contained in Counts II and III of the First Amended Complaint failed to state a cause of action. The order appealed is then, affirmed as it concerns Counts II and III.
Affirmed in part and reversed in part.