PER CURIAM.
Defendant in this replevin action seeks review of a summary final judgment in favor of plaintiff who was adjudged to be lawfully entitled to possession of the stallion, *Noholme II. By his appeal defendant contends that the pleadings, exhibits, affidavits and depositions on file in the cause create genuine issues of material facts which may be resolved only by trial and that the court erred in rendering the summary final judgment in accordance with plaintiff’s motion.
Appellant was the designated syndicate manager of the stallion, *Noholme II, pursuant to a written contract of employment with the shareowners of the horse. The contract provides that the stallion shall stand for breeding at the farm owned by appellant but the shareowners may for good reason terminate the contract of employment and move the horse to any other farm of their choice at any meeting properly called for that purpose. The evidence establishes that, pursuant to notice, the shareholders met and found what they considered to be good reason for terminating appellant’s contract of employment and removing the stallion from appellant’s farm to another location controlled by the appel-lee as the newly appointed syndicate manager. Appellee’s demand for possession of the stallion was denied by appellant on the ground that his contract of employment was unlawfully terminated because the shareowners did not have good reason for taking such action. As a consequence of appellant’s refusal to deliver possession of the stallion to appellee, this action in replev-in was instituted.
From the record it affirmatively appears that appellant is correct in his assertion that a genuine issue of fact exists with regard to whether the shareowners had good reason to terminate appellant’s contract of employment. The trial court, however, apparently did not consider this to be a liti-gable issue in the case and refused to go behind or permit appellant to raise as an issue the good reason found by the share-owners as grounds for terminating the employment contract. The import of the summary final judgment is predicated upon the finding that under the undisputed facts disclosed by the record appellee, as the new *148 syndicate manager acting upon the authority of the shareowners, was entitled to possession of the stallion as against the claim of appellant.
Upon consideration of the possessory nature of this action involving only the right to the use and enjoyment of a chattel, we are inclined to the view that the trial court’s appraisal of the issues involved in this proceeding was correct. The record affirmatively establishes that the share-owners found reasons which in their judgment were sufficient to justify termination of appellant’s employment contract. Having made this determination, they were then entitled to possession of the animal owned by them and had the right to remove it from appellant’s farm to another location of their choice.
We wish to emphasize that this is not an action for damages arising out of an alleged breach of an employment contract. If appellant conceives that the shareholders did not have good reason to terminate his contract of employment and that such termination constituted a breach of the contract for which he has suffered damages, the law affords him redress in a proper action brought for that purpose. In such an action the propriety of the shareowners’ action in terminating appellant’s contract for good reason may be fairly litigated and determined.[1] If it can there be shown that the shareowners lacked good reason for terminating appellant’s employment contract but, on the contrary, acted arbitrarily, capriciously, or with intent to defraud appellant of the rights secured by him under the contract, then appellant will be entitled to such damages as he may be able to establish. This will have to be done, however, in a separate action and could not properly be accomplished in this replevin action involving only the right to possession of the animal. Since the propriety of the shareholders’ action in terminating the employment contract for good reason was not a proper issue to be litigated in this case, the summary judgment in favor of appellee was proper.
The judgment appealed is accordingly affirmed.
SPECTOR, C. J., and WIGGINTON and JOHNSON, JJ., concur.

. Jimarye, Inc. v. Pipkin (FIa.App.1966), 181 So.2d 669.