285 So.2d 679 (1973)
Paul STRAHM, Appellant,
v.
AETNA CASUALTY AND SURETY COMPANY, Appellee.
No. 73-254.
District Court of Appeal of Florida, Third District.
October 24, 1973.
Rehearing Denied December 7, 1973.
*680 Mark J. Feldman, Miami, for appellant.
Preddy, Haddad, Kutner & Hardy and David Bercuson, Miami, for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellant, plaintiff in the trial court, seeks review of a directed verdict for the defendant at the close of his case.
From 1963 until September 8, 1972, appellant was employed by appellee. He was transferred from New York to appellee's Coral Gables claim office in 1965, and he became unit supervisor of the office in 1968. On August 25, 1972, appellant received an inter-office communication from appellee's regional supervisor and manager of the Coral Gables office, William M. Conners. Appellant was informed that he had a choice of accepting a reassignment as a senior claim representative with the same pay and use of a company car, or he could resign. He refused to be reassigned or to resign, whereupon his employment was terminated.
A company severance plan provided for one or two week's pay for each full year of service. However, the plan disallowed benefits to any employee terminated "for cause", including insubordination. Appellant was given a check from the appellee, representing two weeks severance pay. Thereafter, appellant filed his complaint seeking $3,762, the amount of severance pay which he alleged would be owed to him in accordance with the company plan.
At trial, appellant was the only witness. The basic issue which arose during the course of his testimony was whether or not appellant's refusal to be reassigned or to resign constituted insubordination. If it did, appellant would not be entitled to severance pay in accordance with the plan because he was terminated for cause. At the close of appellant's case the trial judge directed a verdict in favor of appellee.
The rule for directing a verdict in favor of a defendant is that unless it is clear that there is no evidence whatever adduced that could in law support a verdict for plaintiff, a court should not direct a verdict for the defendant. Whitman v. Red Top Sedan Service, Inc., Fla.App. 1969, 218 So.2d 213; Mullis v. City of Miami, Fla. 1952, 60 So.2d 174, 176. We think the appellant presented evidence in this case which a jury might believe did not amount to termination for cause.
The rule appears to be that whether an employee has breached the terms of his employment contract in such a substantial degree as to justify his discharge is generally a question of fact to be decided by the jury if the pertinent evidence on this issue could lead the minds of reasonable men to conflicting conclusions. Jimarye, Inc. v. Pipkin, Fla.App. 1966, 181 So.2d 669.
In this cause, the pivotal issue was whether appellant's refusal to be reassigned or, alternatively, to resign was insubordination. Appellant testified that he was placed on the horns of a dilemma and *681 given no reasonable alternative because if he resigned he would have forfeited the accrued benefits under the severance plan. This constituted a question for the jury.
Therefore, for the reasons stated, the judgment appealed is reversed and the cause is remanded with directions to grant a new trial.
Reversed and remanded with directions.