290 So.2d 505 (1974)
John Allan PUNKAR, Appellant,
v.
KING PLASTIC CORPORATION, a Florida Corporation, Appellee.
No. 73-274.
District Court of Appeal of Florida, Second District.
February 20, 1974.
Rehearing Denied March 18, 1974.
*506 Charles J. Cheves, Jr. of Cheves & Hazen, Venice, for appellant.
Clyde H. Wilson of Wilson & Wilson, Sarasota, for appellee.
BOARDMAN, Judge.
Appellant, John Allan Punkar, who was the plaintiff in the trial court, has timely appealed a final judgment in his favor awarding him $2,083.24 for the alleged breach of an employment contract with appellee, King Plastic Corporation. Appellant contends that the trial court erred in ruling as a matter of law that he did not properly mitigate his damages. He further contends the trial court committed error in disallowing expenses and indebtedness which he incurred for retraining, such as tuition and interest on a loan.
Appellant, a college graduate in engineering, had worked in the field of plastics for General Electric Company in the north for some 17 years prior to his employment with the appellee. Desiring to settle down and to avoid moving from place to place whch was required of him by General Electric, the appellant entered into a 3-year *507 written contract with the appellee to start and manage a plastics factory in Venice, Florida. The president of the corporation, Tom King, was a long-time friend, since high school days. Fifteen months after the contract had been entered into the appellant was informed by King that things were not working out and that he would be discharged and released from his employment with the corporation.
The appellant determined that he was unable to obtain a comparable job in the immediate area and decided to become involved in the sale of one of Florida's most booming endeavors, real estate. Accordingly, he procured a loan on his life insurance and enrolled in a course of study to prepare him for a real estate career.
The record shows that through this retraining the appellant was able to reduce his damages under the contract from $20,833 to $8,018, plus the cost of the education and the interest on the loan referred to above. The pertinent provision of the final judgment provided in paragraph 2:
2. The evidence showed that Plaintiff had not sought employment in the same field and for a comparable income as the employment in his contract with the Defendant, and so did not properly mitigate his damages. Allowing for a reasonable period of three months to obtain such employment, and deducting the one month severance pay received by Plaintiff, his damages are limited to his salary under the contract for a period of two months, of $2,083.24.
The material language of the contract of employment stated:
Further, that Party of the First Part will perform such duties as may be required of him in the employment by Party of the Second Part faithfully, promptly, honestly, diligently, in a careful and workmanlike manner, and to the satisfaction of Party of the Second Part.
The case was tried before the trial judge on the issues of the amount of appellant's damages and whether he had performed his job to the satisfaction of the appellee as provided in the said contract of employment. After a proper hearing, the trial judge found that the appellant/plaintiff had performed his job in accordance with the contract on his part; found that the appellant/plaintiff was entitled to damages in the amount set forth in paragraph 2 above of the final judgment, plus his cost expended in the litigation. The remaining items of damages claimed by the appellant were not allowed.
We have carefully considered the record and briefs and very able oral argument of counsel for the respective parties. At the threshold it must be determined whether the appellant's discharge was justified.
... [W]hether an employee has breached the terms of his employment contract in such a substantial degree as to justify his discharge is generally a question of fact to be decided by the jury if the pertinent evidence on this issue could lead the minds of reasonable men to conflicting conclusions. If not, the issue becomes a question of law to be decided by the court. (Jimarye, Inc. v. Pipkin, Fla.App.1st, 1966, 181 So.2d 669).
The testimony adduced on this point, as shown in the record, was conflicting in several aspects. However, the ruling of the trial court, as the verdict of a jury, comes to this court clothed with a presumption of correctness. This court is without authority to substitute its judgment for that of the trier of the facts in absence of a clear showing of error. See Griffith Services, Inc. v. Walter Kidde Constructors, Inc., Fla.App.1st, 1972, 262 So.2d 240.
A wrongfully discharged employee is not necessarily obligated to mitigate damages by accepting alternative employment at a distance from his home. Restatement, Agency 2d § 455, comment d. Our research discloses that a majority of jurisdictions have confined the search required *508 to the immediate community or neighborhood. 44 A.L.R.3d 629. We believe this to be the better view.
As a general proposition a wrongfully discharged employee is not obligated to seek other employment. However, his damages will be mitigated by the amount he could have earned in similar employment. In other words, there appears to be no duty to mitigate as a matter of law, but there is a disability to recover damages to the extent that they could have been mitigated. While the employee is not obligated to seek or accept work of a different nature, he may be required to account for sums actually earned if in some other kind of work to the extent at least that the subsequent earnings are not produced by additional labor and effort over which he would have been required to render under the original contract. 141 A.L.R. 670; James v. Allen County, 44 Ohio St. 226, 6 N.E. 246 (1886). We believe that the trial court misapplied the applicable law in finding that appellant had not sought employment in the same field.
Appellant's claim for interest and expenses incurred for his real estate education, in the light of the facts of this case, presents a novel question. As a general principle of law expenses incurred may be recovered provided they are a proximate and foreseeable result of the wrongful act and their award does not amount to double compensation. 22 Am.Jur.2d, Damages, § 73. In the case sub judice, these items of claimed damages are not considered to have proximately flowed from the breach of contract in that they could not have been reasonably foreseen by the appellee. Accordingly, we affirm that part of the trial judge's order disallowing the appellant's claimed damages for interest expended by him in obtaining the loan and the item of damages which he claims he incurred for tuition for attendance at the real estate school.
However, we reverse that part of the final judgment in which the trial court awarded appellant only the sum of $2,083.24 and direct that the trial court, after receipt of the mandate of this court, enter a final judgment in favor of the appellant in the sum of $8,017.40, which amount includes the salary due appellant for the unexpired twenty months of the contract and the amount formerly awarded by the trial court.
Affirmed in part; reversed in part.
MANN, C.J., and McNULTY, J., concur.