303 So.2d 360 (1974)
ZILBER CAB COMPANY and William Adams, Appellants,
v.
CAPELETTI BROTHERS, INC., a Florida Corporation, and Liberty Mutual Insurance Company, a Foreign Corporation, Appellees.
No. 73-1331.
District Court of Appeal of Florida, Third District.
October 22, 1974.
Rehearing Denied December 9, 1974.
*361 Kaplan, Dorsey, Sicking & Hessen and William Johnson, Joel H. Brown, Miami, for appellants.
Stephens, Magill, Thornton & Sevier and John P. Wiederhold, Miami, for appellees.
Before PEARSON and HENDRY, JJ., and RAWLS, JOHN S., Associate Judge.
HENDRY, Judge.
Appellants, plaintiffs in the trial court, seek review of an adverse final judgment based on a directed verdict in favor of the defendants rendered by the court at the conclusion of the plaintiffs' case. We reverse.
This litigation arises out of an automobile accident on the 79th Street Causeway on December 21, 1971. At the time of the accident, the bridge was under construction because a new causeway was being built. Appellee, Capeletti Brothers, Inc., was the general contractor for the project. There *362 is testimony in the record that during construction Capeletti was required by the State Department of Transportation to keep the causeway open for traffic.
The auto mishap occurred apparently when a taxicab, driven by plaintiff William Adams and belonging to the plaintiff Zilber Cab Company, collided with a raised portion of the drawbridge, which was supposed to be closed. As a result, the car was damaged and Adams sustained personal injuries.
At trial, plaintiffs developed a theory that the accident was caused when one of the locking components of the bridge was bent, thereby unlocking a portion of the bridge and causing it to become elevated in the path of traffic.
A foreman for a subcontractor responsible for electrical wiring at the bridge site testified at trial that he and an employee for Capeletti had experienced problems on several occasions during the month of December, 1971 with the locks on the bridge.
There also is testimony that on the date of the accident Capeletti had not relinquished full care and control of the bridge to the state, but on the contrary, retained certain responsibility for maintenance of the bridge as the general contractor. This was despite the fact that the bridgetender (who appellees imply may have been intoxicated and negligent on the night of the accident) was an employee for the State Department of Transportation.
At the close of the plaintiffs' case, the appellees moved for a directed verdict, and after arguments of counsel, the court granted the motion. The main thrust of this appeal is that a verdict should not have been directed in the defendants' favor. In our opinion, this contention is well taken.
It is the duty of a contractor, during a period when a highway is under construction and has not been completed or accepted, to maintain the road in a reasonably safe condition for motorists who are vigilant to observe obstructions which are incident to the construction. M.J. Carroll Contracting Company v. Pine, Fla.App. 1958, 103 So.2d 685; see also, Price v. Parks, Fla. 1937, 127 Fla. 744, 173 So. 903; Finely P. Smith, Inc. v. Schectman, Fla. App. 1961, 132 So.2d 460; Mansell v. Eidge, Fla.App. 1965, 179 So.2d 624.
Appellees cite this court's decision in Peeler v. Independent Life and Accident Insurance Co., Fla.App. 1967, 206 So.2d 34, arguing that the facts and circumstances of the instant case do not present a prima facie case of actionable negligence sufficient to submit to a jury.
We think the basic issue in this case is whether or not the appellee, Capeletti Brothers, Inc., failed to properly perform their legal duty to maintain the bridge in a reasonably safe condition for motorists. The issue is factual in nature, and the trial court erred in removing the cause from a jury. See, Matthews v. City of Miami, Fla. 1920, 79 Fla. 108, 83 So. 867.
Upon a motion for directed verdict, only when the court concludes that the evidence, viewed most favorably to the non-moving party, cannot support in the minds of the jurors any reasonable difference as to any material fact or inference, should the motion be granted. Mathis v. Lambert, Fla.App. 1973, 274 So.2d 601; Strahm v. Aetna Casualty and Surety Company, Fla. App. 1973, 285 So.2d 679.
Since this cause will be remanded for a new trial, we deem it appropriate to consider another point raised by the appellants' bearing on an evidentiary matter.
Appellants attempted during the trial to elicit from two witnesses testimony regarding prior accidents and prior difficulties at the 79th Street Causeway which would have a bearing on Capeletti's prior knowledge of the bridge's malfunctioning and the foreseeability of the accident causing injury to the appellants.
*363 Appellees objected to the materiality of these questions, and the court excluded the testimony. While we do not find error in the record because the appellants made no proffer with respect to the dates or circumstances of any prior accidents on the bridge, we think that upon retrial a similar line of questioning might be appropriate provided the appellants, as a predicate therefor, could establish that the accidents were not too remote in time nor occurred under dissimilar conditions nor would give rise to collateral issues which would create confusion of the issues being tried. See, Perret v. Seaboard Coast Line Railroad Company, Fla. 1974, 299 So.2d 590.
We have also considered the appellants' other two points on appeal and find them unnecessary to consider at this time.
Therefore, for the reasons stated and upon the authorities cited, the judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.
RAWLS, JOHN S., Associate Judge (dissenting).
I dissent. There is absolutely no showing by plaintiffs that defendant, Capeletti Brothers, Inc., was guilty of actionable negligence. To establish actionable negligence, a plaintiff must prove: 1) the existence of a duty on the part of the defendant to protect the plaintiff from the injury or damage of which he complained; 2) failure of the defendant to perform that duty; and 3) injury or damage to the plaintiff arising from such failure. Peeler v. Independent Life and Accident Ins. Co., 206 So.2d 34 (3 Fla.App. 1967).
Plaintiffs failed to either establish that Capeletti was in control of the bridge at the time of the accident or that Capeletti committed any wrong. As plaintiffs failed to establish a prima facie case against Capeletti, the trial court's final judgment of directed verdict is correct. I would affirm.