FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals a final order dismissing his suit against the hospital for failure to state a cause of action. We reverse.
Appellant’s second amended complaint contained four counts alleging that the hospital was liable for the actions of a doctor who treated him in the hospital emergency room for an injury to his ankle. Liability was predicated on several different theories. Each count realleged all of the allegations of the previous count. The trial court dismissed the action when appellant elected not to amend on the grounds that it failed to state a cause of action.
Appellant had alleged the following in his second amended complaint.
1. That he was admitted to the hospital as a paying patient for a fracture.
2. That a hospital employee diagnosed his condition and that appellant signed an authorization for necessary medical procedures.
3. That a hospital employee delegated to Dr. Laltoo the orthopedic surgical care of appellant.
4. That the surgery was not of the type to which appellant had consented and that the surgery was negligently performed.
5. That the hospital had actual knowledge that Dr. Laltoo was not qualified to perform complex orthopedic surgery for fractures and was certified by the hospital only for ‘simple’ ankle injuries and dislocations.
6.That appellant has suffered permanent damage.
Appellant identified the duty of care owed to him, the breach of that duty, causation and resulting injury. See Peeler v. Independent Life & Acc. Ins. Co., 206 So.2d 34 (Fla. 3rd DCA 1968). Florida has recognized that a hospital is vicariously liable for the torts of its employees. Wilson v. Lee Memorial Hosp., 65 So.2d 40 (Fla.1953); City of Miami v. Oates; 152 Fla. 21, 10 So.2d 721 (1942); Variety Children's Hosp., Inc. v. Perkins, 382 So.2d 331 (Fla. 3rd DCA 1980).
Appellant also alleged:
1. That the hospital employed Dr. Lal-too;
2. That Dr. Laltoo was acting within the scope of his employment at all times material to the cause.
3. That Dr. Laltoo negligently performed surgery;
4. That appellant suffered permanent damage.
Appellee contends that appellant failed to allege the specifics of employment; for example, his salary, hours, whether he maintains a separate practice, whether he has regular call duties, etc. Appellee argues that if Dr. Laltoo is an independent contractor, there is no liability as a matter of law. Wilson v. Lee Memorial Hosp.; Variety Children’s Hosp., Inc. v. Perkins. The appellant is not required to prove that the doctor was employed to withstand the motion to dismiss. If the allegations, if true and proven at trial, would result in liability on the part of the hospital, appellant has stated a cause of action. See Hammonds v. Buckeye Cellulose Corp., 285 So.2d 7 (Fla.1973). The question where to draw the line between a privately retained physician and that of a hospital for injury to an emergency room patient is a question for the jury. Hunt v. Palm Springs Gen. Hosp., Inc., 352 So.2d 582 (Fla. 3d DCA 1977).
*573 The complaint sets out several theories of liability which were legally sufficient; The complaint is disjointed, verbose, excursive and contains numerous conclusions and sympathetic ploys. It violates most of the rules of good pleading and was undoubtedly exasperating to opposing counsel and to the trial judge. Nonetheless, essential allegations of facts comprising the required elements of several theories of liability are present and the complaint is not subject to dismissal for failure to state a cause of action. The question whether the second amended complaint was subject to dismissal or a motion to strike for failure to comply with rule 1.110, Florida Rules of Civil Procedure, which defines the general rules of pleading, is not before us; therefore, we must REVERSE.
ORFINGER, J., and CLARK, HAROLD R., Associate Judge, concur.