WEBSTER, PETER D.,
Associate Judge, concurring in part and dissenting in part.
I agree with the majority that the trial judge erroneously permitted testimony by the plaintiff-employee which violated the parol evidence rule; that this error was prejudicial to defendants-appellants; and that the case must be reversed and remanded. However, I am unable to agree that the trial judge should be directed to enter a judgment in favor of defendants-appellants.
This was an action for wrongful discharge from employment. The key issue in dispute was whether the employer was justified, pursuant to the terms of a written contract, in terminating the employee. The employer’s position was that termination was justified because the employee had breached the contract by failing “to devote his full time and energies exclusively to the ... activities ... of [the employer].”
The general rule appears to be that whether an employee has breached the *385 terms of his employment contract in such a substantial degree as to justify his discharge is generally a question of fact to be decided by the jury if the pertinent evidence on this issue could lead the minds of reasonable men to conflicting conclusions. If not, the issue becomes a question of law to be decided by the court. Jimarye, Inc., v. Pipkin, 181 So.2d 669 (Fla. 1st DCA 1966).
Accord, Strahm v. Aetna Casualty and Surety Co., 285 So.2d 679 (Fla. 3d DCA 1973).
The trial judge never decided whether the employee’s breach was sufficiently “substantial” to justify discharge because he concluded, based principally upon the inadmissible parol evidence, that the employer, rather than the employee, had breached the contract. Without the inadmissible parol evidence, the only possible finding is that the employee did breach the contract. Because, however, there has been no finding regarding whether the breach was sufficiently “substantial” to justify discharge and because, in my opinion, reasonable men could reach conflicting conclusions, I would reverse and remand with directions that the trial judge make a finding of fact on that issue and enter an appropriate judgment based upon that finding.