Winifred Wells, Plaintiff-Appellant, v. Board of Education of Community Consolidated School District No. 64, Cook County, Illinois, Defendant-Appellee.

Gen. No. 53,536.

First District, Third Division.

February 19, 1970.

■■■■■■■■■

Norman, Engelhardt, Holland, Billick, Franke & Lauritzen, of Chicago (Ralph Miller and Allyn J. Franke, of counsel), for appellee.

Ligtenberg, DeJong & Leahy, of Chicago (John Ligtenberg, Andrew J. Leahy and Mary Lee Cullen Leahy, of counsel), for appellant.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This action was brought by Winifred Wells, a public school teacher, to recover damages suffered as a consequence of her wrongful discharge by defendant (Board). In an earlier appeal (85 Ill App2d 312, 230 NE2d 6) we affirmed an order of the trial court which directed the Board to reinstate the plaintiff. She was reinstated and then sued for damages for her wrongful discharge. On this appeal plaintiff contends that the damages which the trial court awarded are not adequate. Defendant has cross-appealed contending that the damage award is excessive. The facts follow.

Plaintiff was first employed by the Board for the 1961–62 school term as a teacher of trainable mentally handicapped children. Before the expiration of her contract in 1962 Dr. Plimpton, superintendent of the school district, recommended to the Board that she be reemployed for the 1962–63 school term. The Board agreed and offered plaintiff a contract for that term, which she accepted. Early in 1963 the superintendent informed the Board that he, the principal and the assistant-principal of the school in which plaintiff taught recommended against her reemployment for the 1963–64 school term, pointing out that she would achieve contractual continued service (tenure) if she were reemployed. The Board however offered plaintiff a contract for that school term and she accepted. The terms of that contract pro-

vided that plaintiff remain at the ninth teaching experience salary level, instead of advancing to the tenth level. Each teaching experience salary level is assigned a decimal index number. The higher the experience level, the larger the index number so that a teacher credited with ten years of teaching experience would earn more than one who was credited with nine years' experience. When plaintiff was employed for the 1961–62 school term she was credited with the equivalent of seven years' teaching experience and placed on the eighth level of the salary schedule. She was advanced to the ninth experience level for the 1962–63 school term, which is where she remained for the 1963–64 term. The effect of retaining plaintiff at the ninth level was to reduce the amount of the increase she would have received had she been advanced to the tenth level. In February 1964 the superintendent renewed his objection to the plaintiff's continued employment and the Board resolved not to reemploy her for the 1964–65 school term. It was that discharge which was involved in the prior litigation. The one basis for the prior decision was that plaintiff was entitled to notice prior to her discharge so that she could have an opportunity to correct her alleged faults.

Plaintiff was reemployed by defendant at the commencement of the 1968–69 school term. Her damages are therefore limited to a four-year period, that is, the school terms of 1964–65, 1965–66, 1966–67 and 1967–68. The trial court in computing damages assumed (1) that plaintiff would remain at the ninth teaching experience salary level throughout the four-year period (the same teaching experience level at which she had been working for the two school terms preceding her discharge), (2) the "base salary" figure for each of the four years would be the same as that actually used by the Board in computing the salaries of its regularly employed teachers during those years, rather than the "base sal-

ary" figure used in computing the plaintiff's salary for the 1963–64 school term, (3) plaintiff would receive the $300 special education additive which she had been receiving for teaching handicapped children for each of the four years, and (4) plaintiff's earnings from other sources during the period would be set off against the salary she would otherwise have received from defendant.

Plaintiff contends that the Board improperly held her on the ninth teaching experience salary level for the 1963–64 school term and that the trial court should have computed damages on the assumption that she should have been on the tenth experience level for that term and would have "automatically" advanced one level for each school term thereafter. Following her discharge, the plaintiff accepted employment in Waukesha, Wisconsin as a public school teacher. Waukesha is approximately 90 miles from her home in Park Ridge, Illinois. Plaintiff also contends it was error to set off those earnings against the salary she would have received from the defendant.

In its cross-appeal the Board contends that the trial court should have used the "base salary" figure paid to plaintiff for the 1963–64 school term for each of the four years that she was not in its employ and further, that the $300 special education additive included in her salary while she was employed by the Board should not be included as an element of damages.

 Plaintiff's contention that she was entitled to advance one teaching experience level on the salary schedule after each school term rests on her assertion that such advancement is really "automatic" even though the controlling salary schedule expressly conditions it upon the joint recommendation of her principal and superintendent and the approval of the Board. She cites this court's opinion in Miller v. Board of Education of School Dist. No. 132, 98 Ill App2d 305, 240 NE2d 471, as au-

115

thority for that proposition. There the plaintiff was wrongfully discharged from his position as a public school teacher. He brought an action for reinstatement and damages. We held that the amount of lost wages would be "that amount a teacher would normally have received had he not been discharged less the amount he earned or reasonably should have earned in mitigation." In determining whether in the normal course of events the plaintiff could reasonably have expected to advance a teaching experience level on the salary schedule, the court looked beyond the terms of the schedule to the actual practice prevailing in the school district. Defendant's district superintendent, who had been so employed for approximately eighteen years, testified that although the defendant reserved the right to withhold experience increments, he did not recall a single instance in which it took such action and it was on that evidence that this court concluded there was no basis for withholding the experience increments the plaintiff would normally have received.

In the instant case defendant's district superintendent testified that the practice in the district was to have each school principal interview the teachers under him who were not going to be recommended for advancement, to inform them of that fact and to suggest that such teachers either "make a test case out of this" or seek employment elsewhere. During the 1963–64 school term there were two teachers who remained at the teaching experience salary level they had attained the preceding school term. There were many others who took their principal's "suggestion" and did not seek reemployment. The evidence as to the prevailing practice in defendant's school district supports the trial court's conclusion that plaintiff could not reasonably have expected to advance an experience level in the salary schedule during the period of her absence. Nor was the Board acting improperly when it offered plaintiff a position for the 1963–

116

64 school term at the same experience level as in the preceding term. Plaintiff accepted the offer and worked through the 1963–64 term on that basis.

We proceed to consider plaintiff's contention that it was error for the trial court to set off her earnings as a teacher in a Waukesha, Wisconsin school district against the salary she would otherwise have received from the defendant. Since plaintiff earned the right to contractual continued service (tenure) in accordance with the provisions of the School Code (see our opinion in 85 Ill App2d 312, 230 NE2d 6), she was entitled to damages for her wrongful discharge under the terms of section 24–12 of the Code. Ill Rev Stats, c 122, § 24–12 (1963). While conceding that a person who has been wrongfully discharged cannot recover what he might reasonably have earned in other employment of like nature, plaintiff contends it would be unreasonable for her to move to another locality to secure employment and hence that it was error to set off wages arising from employment in such locality when she has voluntarily relocated. Several cases are cited which hold that a wrongfully discharged employee is under no duty to move to another locality in order to mitigate his damages, but we are referred to no authority for the proposition that wages earned in another locality should not be set off against the amount that would otherwise be due. Even if we assume that the plaintiff was not duty bound to accept employment in Wisconsin, it would be a nonsequitur to say that having done so, her earnings would therefore not operate to mitigate the damages otherwise due her from the defendant.

■ The law is clear that a wrongfully discharged employee can recover only the difference between what he would have received had he been permitted to complete the contract and what he *earned* or could reasonably have earned in the interval between his wrongful discharge and the date on which his contract would have

been completed. Mount Hope Cemetery Ass'n v. Weidenmann, 139 Ill 67, 28 NE 834; Trustees of Soldiers' Orphans' Home v. Shaffer, 63 Ill 243; Patrick v. McAleenan Boiler Co., 136 Ill App 563. The same holds true with respect to the amount of wages recoverable by a wrongfully discharged public school teacher who has achieved tenure. Miller v. Board of Education of School Dist. No. 132, supra; Compton v. School Directors of Dist. No. 14, 8 Ill App2d 243, 131 NE2d 544. It would be tantamount to the imposition of punitive damages to hold the defendant liable for more than the actual damages sustained by the plaintiff. The trial court correctly allowed the set off of her Waukesha earnings.

The Board raises two points in its cross-appeal: (1) that the "base salary" figure used in computing plaintiff's salary for the 1963–64 term should likewise have been used by the trial court in computing her salary for each of the four school terms here involved and (2) that the $300 special education additive for teaching handicapped children which was included in her salary for the 1961–62, 1962–63 and 1963–64 school terms should not have been included in the computation of her salary for any of the four years of her absence. There is no merit in either contention. The uncontradicted evidence shows that the "base salary" figure increased each school term and was uniformly used as the initial figure from which other components of a teacher's gross salary were computed. Under the test set out in Miller, supra, the evidence was sufficient for the trial court to find that the "base salary" figures actually used in computing teachers' salaries in each of the four years of the plaintiff's enforced absence were such as would normally have been used in computing her salary had she not been wrongfully discharged, and the same can

118

be said of the trial court's decision to include the $300 special education additive for each of the four years.

The judgment of the trial court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and McNAMARA, J., concur.