293 So.2d 109 (1974)
SOUTHERN KESWICK, INC., a Florida Corporation, Appellant,
v.
Sanford WHETHERHOLT, Appellee.
No. 72-1045.
District Court of Appeal of Florida, Second District.
April 17, 1974.
William P. O'Malley of O'Malley, Sunne & Keiser, Clearwater, for appellant.
George F. Meehan of Harris, Barrett & Dew, St. Petersburg, for appellee.
McNULTY, Judge.
This is an action for breach of an employment contract in which appellee recovered a judgment of $5,355 because of his wrongful discharge by appellant. Appellant admits the sufficiency of the evidence to support the jury's finding of wrongful discharge, but raises three points on appeal relating to the trial court's instructions to the jury on damages. One point requires reversal and another, though perhaps not reversible, merits discussion.
Considering the reversible jury charge first, we quote it as follows:
"You are further instructed it's the general rule that employment of different or inferior nature cannot be used in reduction of damages."
While we would agree that a wrongfully discharged employee is not obliged to seek employment of a different or inferior nature,[1] if he in fact obtains such employment within the contract period his earnings *110 should be used in mitigation of damages.[2] The foregoing charge was therefore clearly wrong; and we are aided in this case in evaluating its prejudicial effect by the following colloquy which occurred between the jury foreman and the trial judge when the jury returned for clarification of the court's charges after having begun their deliberations:
"THE FOREMAN: Your Honor, we would like to know this. We didn't quite understand, I guess, some of us, in your talk to us whether or not the money the gentleman made in what we consider may be an inferior job should count against his yearly salary from school. In other words, if we did grant him, the plaintiff, his salary from the school, would the money that he made at an inferior job have to be deducted from that? That is a point that one of the jurors is not sure about.
THE COURT: All right. This is covered by jury instruction number two. You are further instructed that it is the general rule that employment of a different or inferior nature cannot be used in reduction of damages."
Concerning, now, the second jury instruction of which appellant complains, the court charged:
"An employee who has been wrongfully discharged before the expiration of the period of his employment must seek employment of like nature and thereby diminish the amount of damages sustained by him as a result of the employer's breach. Therefore, if you find that Mr. Whetherholt was wrongfully discharged by Keswick Christian School, then in computing his damages you are obliged to diminish the amount of his damages by the amount of compensation he actually received or should have received from employment endeavors which he pursued during the term of this contract." (Italics ours.)
The first part of this instruction is substantially correct. That is to say, a wrongfully discharged employee must reasonably seek employment of like nature to mitigate damages.[3] The second part of the instruction, however, may have been confusing in that, as it sought to instruct on the applicability of the law enunciated in the first part, it directed that the jury should diminish the amount of the employee's damages only to the extent "... of compensation he actually received or should have received from employment endeavors which he pursued ..." during the remaining term of the contract. What was obviously and correctly intended by the court is that the employee's damages should be diminished not only by the amount of compensation received from employment of like nature actually obtained by the employee for the remainder of the contract term, but also by the amount of compensation he could have anticipated from such like employment, if available, as he with reasonable diligence should have pursued.[4] The complained of instruction did not make that clear, however, and although perhaps not clearly erroneous, may well have muddied up the waters and misled the jury on this aspect of damages. Since the case must be retried, we are certain that the jury instruction in this respect will be clarified.
In view of the foregoing, the judgment appealed from should be, and it is hereby, reversed; and appellant is awarded a new trial on damages only.
HOBSON, Acting C.J., and GRIMES, J., concur.
NOTES
[1] See, Annot. 44 A.L.R.3d 629, §§ 5, 7 and 31; and 22 Am.Jur.2d, Damages § 71.
[2] See, e.g., Punkar v. King Plastic Corporation (Fla.App.2d, 1974) 290 So.2d 505 (Opinion filed February 20, 1974); and Miller v. South Bend Special School Dist. (1963 N.D.) 124 N.W.2d 475.
[3] See, Annot. 44 A.L.R.3d 629, § 2, et seq.
[4] Ibid.