Steve **BARNUM**, Plaintiff-Appellant,

v.

Max **NEBERGALL** and Owen J. **Nebergall**, Defendants-Appellees.

No. 84–587.

Court of Appeals of Iowa.

Feb. 26, 1985.

Stuart Werling, Tipton, for plaintiff-appellant.

Arnold J. Van Etten and Charles Kintzinger of Kintzinger, Kintzinger, Van Etten, Setter & Scott, Dubuque, for defendants-appellees.

Considered by SCHLEGEL, P.J., and HAYDEN, and SACKETT, JJ.

HAYDEN, Judge.

Plaintiff appeals from an award of nominal damages in an action for wrongful termination of a farm lease. Plaintiff asserts that his wages from employment unrelated to the farm lease should not have been considered as mitigating the amount of his damages.

Plaintiff and defendants entered into a crop share lease which was to run for five years from March 1, 1980, until February 28, 1985. Plaintiff farmed the land in 1980 and 1981. On August 30, 1981, defendants terminated the lease. Plaintiff was unable to continue farming, but found employment at a greenhouse where he had worked prior to entering into the lease. His wages from the greenhouse were $15,000 in 1982, $17,200 in 1983, and he anticipated earning $19,000 in 1984.

The trial court ruled that defendants had wrongfully terminated the lease. The court determined that plaintiff's net profits from the farm for the three years remaining in the lease would have totaled $7,459.50. Applying the doctrine of avoidable consequences, the trial court mitigated plaintiff's damages by the amount of his earnings. Plaintiff was awarded $5.00.

On appeal the trial court's finding of wrongful termination of the lease is not challenged. Likewise the measure of plaintiff's damages based on lost profits from the farming operation is not disputed. Plaintiff challenges only the trial court's application of the doctrine of avoidable consequences. Our review of this action at law is on assigned error. Iowa R.App.P. 4.

It is conceded that there was no other farm land available in the area for plaintiff to lease since he did not own a full set of equipment. The issue in this case is whether plaintiff's damages should be reduced by the wages he earned from employment unrelated to the lease.

■ In the context of breach of an employment contract, an employee's damages should be reduced by wages which were earned, or could have been earned, by similar employment in the same community if the taking of the second job was made possible by the breach. 22 Am.Jur.2d *Damages* § 34 (1965). This principle has been accepted in Iowa. *See Stauter v. Walnut Grove Products,* 188 N.W.2d 305, 312–13 (Iowa 1971). Although the present case does not involve an employment contract per se, this situation is analogous since plaintiff expected to earn a living from farming by means of the crop share lease in question.

Plaintiff argues that the taking of the job at the greenhouse was not made possible by the breach of the lease. Plaintiff contends that nothing in the lease prevented him from engaging in other employment. However, in the section of the lease entitled "Property Rights" paragraph six states: "The tenant will not, unless he shall first have obtained written consent of the landlord, farm more than 160 acres of additional land and will not enter into any other business, occupation, or sideline." There is no evidence in the record that plaintiff had or could have obtained such consent from defendants.

■ Ordinarily before a terminated employee's damages will be reduced by potential earnings, it must be shown that similar work was available in the same locality. The criteria for determining similarity of jobs include the type of work, the hours of labor, wages, tenure, and working conditions. *See Michigan Employment Relations Commission v. Kleen-O-Rama,* 60 Mich.App. 61, 230 N.W.2d 308, 310 (1975); Annot., 44 A.L.R.3d 629 (1972). We need not decide, however, whether plaintiff's job at the greenhouse was similar to the farming activities contemplated under the lease. While a plaintiff has no obligation to seek employment which is dissimilar or in a different community, if such a job is obtained wages actually earned from it are considered in mitigation. *Mason County Board of Education v. State Superintendent of Schools,* 295 S.E.2d 719, 724–25 (W.Va.1982); *Southern Keswick, Inc. v. Whetherholt,* 293 So.2d 109, 109–10 (Fla. Dist.Ct.App.1974); *Wells v. Board of Education,* 121 Ill.App.2d 112, 257 N.E.2d 252, 255 (1970).

■ Therefore, if the lease is viewed as analogous to a contract of employment, plaintiff's wages from the greenhouse should be considered as minimizing his damages. Similarly, in the context of breach of a lease it has been held that where the measure of damages is lost profits, the amount the tenant earns from other sources during the unexpired portion of the lease should be deducted from the profits. *See* 52 C.J.S. *Landlord & Tenant* § 461(4) (1968).

The trial court correctly concluded that plaintiff was only entitled to nominal damages since his earnings exceeded his actual damages.

AFFIRMED.