Donald SCALLON, Plaintiff,

v.

U.S. AG CENTER, INC., d/b/a Austinville Elevator Co., an Iowa corporation, and United Suppliers, Inc., an Iowa corporation, Defendants,

and

U.S. AG Center, Inc., d/b/a Austinville Elevator Co., an Iowa corporation, Counterclaimant,

v.

Donald Scallon and Terry Deters, Counterdefendants.

No. C96–3140–MWB.

United States District Court,
N.D. Iowa,
Central Division.

March 16, 1999.

---

David May (argued), Glenn Morris, Hawkins & Norris, Des Moines, IA, for plaintiff.

Edward Mansfield, Belin, Lamson, McCormick, Zumbach and Flynn, Des Moines, IA, for defendant U.S. Ag Center, Inc.

## MEMORANDUM OPINION AND ORDER REGARDING AUSTINVILLE ELEVATOR'S REASSERTED MOTION FOR SUMMARY JUDGMENT ON COUNT VII

BENNETT, District Judge.

This matter comes before the court pursuant to defendant Elevator's November 24, 1998, reasserted motion for summary judgment on Count VII of the Producers' claims, the count asserting breach of contract by the Elevator. On April 15, 1998, the court dismissed Counts II through V of the Producers' claims for failure to plead fraud with particularity. By order dated September 14, 1998, which was the ruling on the defendants' original summary judgment motion, the court granted summary judgment in favor of the defendants on Count I of the Producers' complaint, the declaratory judgment claim, declaring the HTA contracts at issue herein to be valid cash forward contracts as a matter of law; granted summary judgment in favor of the defendants as to Count VI of the Producers' complaint, the state-law claim of negligent misrepresentation, dismissing that claim; and granted summary judgment in favor of United Suppliers on the Producers' breach-of-contract claims in Count VII of their complaint, dismissing United Suppliers from the case.

However, in the ruling on September 14, 1998, the court denied Austinville Elevator's motion for summary judgment as to Count VII of the Producers' complaint, specifically stating that the denial was without prejudice to reassertion of the motion as to that count after the Producers produced their expert's report on damages and made their expert available to the Elevator for a deposition on the question of damages on the breach-of-contract claim. Now that the Producers' expert has provided his report and been deposed, the Elevator asserts that it is time to conclude that "the Emperor has no clothes" and grant summary judgment on the breach-of-contract claim on the ground that there is no competent evidence of damages.

Also pending before the court at this time are Austinville Elevator's December 15, 1998, objections to the affidavit of the Producers' counsel in support of the Producers' resistance to summary judgment, which the Elevator asserts is inadmissible on summary judgment on several grounds, and the Elevator's motion in limine, which in part seeks to preclude expert testimony concerning the Producers' damages for breach of contract, the matter at issue here. The Producers have not resisted either the objections or the motion in limine. The court concludes that it is both improper to consider the challenged affidavit to resolve the motion for summary judgment, essentially for the reasons asserted by the Elevator, and indeed unnecessary to do so; therefore, the Elevator's objections to the affidavit will be sustained.

The extent to which the motion in limine should be granted on damages evidence will likely be resolved by disposition of the present motion for summary judgment, but the court will defer until a separate order disposition of the Elevator's motion in limine.

In essence, the Elevator's argument for summary judgment on the Producers' breach-of-contract claims is that the Producers' expert, Dr. Anthony, has presented four damages "scenarios," only one of which shows any loss at all, and then to only one of the Producers, Mr. Deters, and that Dr. Anthony himself described this "scenario" as "unrealistic," requiring "perfect clairvoyance" on the part of the Producer as to the course of the grain markets. Thus, the Elevator asserts that this sole scenario supporting any damages on the part of any Producer on the breach-of-contract claim is "for a guru or a swami, not for an Iowa jury."

The Producers counter that Dr. Anthony's affidavit and deposition establish that the HTAs had value to the Producers, if they had not been breached by the Elevator. Specifically, they contend that Dr. Anthony will opine that there is a "range" of outcomes had the HTAs continued in effect, with the four "scenarios" indicating only particular points on the continuum. Thus, they argue that they may be able to prove that the Producers here could indeed exceed the "average" performance, coming out toward the positive rather than the negative end of the range. The Producers also argue that the court has previously denied summary judgment on the basis of a possibility of similar damages even in the absence of expert testimony, citing *Barz v. Geneva `Elevator*, 12 F.Supp.2d 943, 963 (N.D.Iowa 1998). Fur-

thermore, they advance two new theories of damages on their breach-of-contract claim: First, they argue that the Elevator's breach of the contracts also deprived them of the value of a "chance to win"; and, second, that nominal damages would still be available for breach of contract, even if no actual damages can be shown. They argue that either of these theories of damages justifies submission of their breach-of-contract claim to the jury.

In reply, the Elevator counters that Dr. Anthony's affidavit is inconsistent with and cannot overcome his deposition testimony, which they contend recognized that the Producers have no realistic basis for showing actual damages. Where damages are so unrealistic, the Elevator reasserts, they should not be presented to the jury. The Elevator argues further that *Barz* is not controlling, because in this case, the court specifically authorized a renewed motion for summary judgment on the breach-of-contract claim. The Elevator argues that neither the "chance to win" nor the "nominal" damages theory is authorized under IOWA CODE § 554.2708, which controls the Producers' breach-of-contract claim, and that in any event, the "chance to win" theory is contrary to the Producers' expert's testimony.[1]

The court heard oral arguments on the Elevator's reasserted motion for summary judgment on March 12, 1999. For the convenience of counsel and the court, the oral arguments were consolidated with those in another HTA case, *CeBar Farms, Inc. v. North Central F.S.*, No. 96–3080–MWB (N.D.Iowa), but the cases were not formally consolidated. Therefore, the court will enter separate orders in each case.

---

1. If the court permits submission of a claim for nominal damages to the jury, the Elevator argues that the court should grant summary judgment on the Producers' claim for *actual* damages, preclude any testimony by their expert, because his testimony relates only to actual damages, and reorder the sequence of proof at trial, because a party with only a claim for nominal damages should not go

first. The Elevator, however, cites no authority for the proposition that claims for actual and nominal damages cannot be asserted in the alternative, or for the proposition that a party seeking only nominal damages should not go first, and the court has found none. Therefore, the court will overrule these arguments as a basis for summary judgment without further discussion.

As noted in the previous ruling on the defendants' motion for partial summary, the standards applicable to motions for summary judgment in HTA cases need not be restated, because they have been articulated by this court in a number of published rulings. *See e.g., Johnson v. Land O'Lakes, Inc.,* 18 F.Supp.2d 985, 993–94 (N.D.Iowa 1998); *Barz v. Geneva Elevator Co.,* 12 F.Supp.2d 943, 951–52 (N.D.Iowa 1998); *Top of Iowa Coop. v. Schewe,* 6 F.Supp.2d 843, 849–50 (N.D.Iowa 1998); *Oeltjenbrun v. CSA Inv., Inc.,* 3 F.Supp.2d 1024, 1031–33 (N.D.Iowa 1998). The court will apply those standards again here.

■ The short answer to the Elevator's motion, at least as it relates to Mr. Deters, is that the motion asks the court in advance to weigh Dr. Anthony's evidence and conclude that its potential for proving actual damages is too speculative, the Elevator's disclaimer of any "weighing" notwithstanding. Similarly, in its motion in limine, the Elevator asks the court to exclude Dr. Anthony's testimony, because the Elevator's expert will testify that Dr. Anthony's analysis falls far below the standards of his profession. This "battle of the experts" also goes to the weight of Dr. Anthony's testimony. However, the trial judge's function at the summary judgment stage of the proceedings is *not* to weigh the evidence and determine the truth of the matter, but to determine whether there are genuine issues for trial. *Quick v. Donaldson Co.,* 90 F.3d 1372, 1376–77 (8th Cir.1996); *Johnson v. Enron Corp.,* 906 F.2d 1234, 1237 (8th Cir.1990). As the court reads Dr. Anthony's deposition and affidavit, he selected four "scenarios" to illustrate the continuum of possible outcomes, including one at the extreme (unrealistic) end of positive possibilities. Dr. Anthony does not identify the four scenarios as the *only* possibilities. Thus, there is a genuine issue of material fact as to whether Mr. Deters can fall within the part of the continuum, admittedly a very narrow range, that would yield him a positive result, while not reaching the unrealistic extreme, and hence there is a genuine issue of material fact as to whether he can

show any actual damages. Similarly, although the Elevator asserts that it was improper for Dr. Anthony to run his projections so far into the future in order to obtain any positive result for Mr. Deters, the court finds that there is a genuine issue of material fact as to whether it was appropriate for Dr. Anthony to do so in light of the circumstances. Therefore, whether Mr. Deters falls within that part of the continuum is a quintessential jury question. The Elevator's motion for summary judgment as to Mr. Deters's breach-of-contract claim must therefore be denied.

However, the court reiterates here something like the caution it stated in *Barz:* The question that should concern a jury is not so much whether the theoretical possibility exists that Mr. Deters could have fallen in the positive part of the spectrum, exceeding "average" performance, but whether such performance is entirely too speculative to serve as a basis for "lost profits" damages. The court adds further that, at trial, it may determine as a matter of law, upon review of all of the evidence presented, that ultimately no jury question has been presented that Mr. Deters would have fallen into the positive end of the continuum, and consequently this theory of damages ultimately may *not* be submissible.

In contrast, as to Mr. Scallon, there is no evidence at all that he could have fallen within the positive part of the continuum, because even at the "unrealistic" extreme, according to Dr. Anthony, Mr. Scallon could not show positive performance. Nor can he assert damages based on a "lost chance to win" theory, where Dr. Anthony's evidence also establishes that he had no such "chance to win," because no scenario, realistic or unrealistic, showed that he could obtain a profit, *i.e.,* that he could "win," by continuing his HTAs. *Compare Wachtel v. National Alfalfa Journal Co.,* 190 Iowa 1293, 176 N.W. 801, 804 (1920) (the plaintiff was entitled to damages for a lost chance to win, in an amount exceeding

nominal damages, because she was in first place at the time the contest was terminated, and likely to finish with a prize in light of the small number of contestants in her district and large number of prizes to be awarded, prompting the court to conclude her success was not so uncertain as to limit her recovery to nominal damages).

■ Thus, the slender thread by which the viability of Mr. Scallon's breach-of-contract claim hangs is his assertion that, even in the absence of any' evidence of actual lost profits damages, he is entitled to "nominal" damages for breach of contract. The Iowa Supreme Court has explained the law in Iowa on availability of nominal damages as follows:

> Generally, nominal damages are not recoverable in cases in which damages are an element of the cause of action.... Nominal damages are allowed, not as an equivalent for the wrong, but in recognition of a technical injury and by way of declaring a right and are not the same as damages small in amount.

Cowan v. Flannery, 461 N.W.2d 155, 158–59 (Iowa 1990) (citations omitted) (personal injury action in which the court concluded that damages were an element of the cause of action, and nominal damages were thus precluded). At first blush, proof of damages appears to be an element of a breach-of-contract claim. See, e.g., Iowa Civil Jury Instructions, No. 2400.1 (stating one element of the cause of action to be "[t]he amount of any damage defendant has caused"). However, the prevailing rule appears to be to the contrary.

For example, Iowa courts have countenanced awards of nominal damages in breachof-contract cases, even cases in which, mitigation considered, the plaintiff had no actual damages. See, e.g., Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co of Des Moines, 510 N.W.2d 153, 156 (Iowa 1993) (nominal damages were awarded for breach of a settlement agreement, and such damages were sufficient to sustain an award of punitive damages, where the breach of contract constituted an intentional tort); Barnum

v. Nebergall, 367 N.W.2d 317, 319 (Iowa Ct.App.1985) (the plaintiff was entitled only to nominal damages for breach of a farm lease contract, where the trial court properly considered in mitigation of the plaintiff's damages for termination of the lease the plaintiff's earnings from work that would have been precluded had the lease continued, and those earnings exceeded the plaintiff's actual damages from breach of the contract). Thus, the rule in Iowa would seem to be that nominal damages are available for breach of contract, even if the claimant is actually better off as a result of the breach.

■ Although admittedly neither of the Iowa cases cited above involves a contract governed by Article 2 of the Uniform Commercial Code, the court finds that the damages remedies of the UCC may properly be supplemented by the common law to permit the recovery of nominal damages for breach of a contract governed by Article 2. See S & S, Inc. v. Meyer, 478 N.W.2d 857, 860 (Iowa Ct.App.1991) ("Unless displaced by the UCC, other statutes and the common law supplement its provisions."). Nominal damages are generally available for breach of contract. See RESTATEMENT (SECOND) OF CONTRACTS § 346(2) (1981) ("If the breach caused no loss ... a small sum fixed without regard to the amount of loss will be awarded as nominal damages."); Stromberger v. 3M Co., 990 F.2d 974, 976 (7th Cir.1993) ("While the victim of a breach of contract is entitled to nominal damages even if he is not injured by the breach, Olympia Hotels Corp. v. Johnson Wax Development Corp., 908 F.2d 1363, 1372 (7th Cir.1990); E. Allan Farnsworth, Contracts § 12.8 at p. 871 (2d ed.1990), because the breach itself is the wrong, there is no tort without injury."). The Seventh Circuit Court of Appeals has applied this rule, even though that court, like this one, expressed puzzlement with it. See Chronister Oil Co. v. Unocal Refining & Mktg., 34 F.3d 462, 466 (7th Cir.1994) (in a case involving a contract under Article 2 of the UCC, Chief Judge Posner held

that "[judgment] is reversed with respect to damages and remanded with directions to enter judgment for Unocal for nominal damages (to which for reasons we do not understand every victim of a breach of contract, unlike a tort victim, is entitled, *Stromberger v. 3M Co.*, 990 F.2d 974, 976 (7th Cir.1993)) only.").

Furthermore, the Seventh Circuit Court of Appeals and other courts have allowed nominal damages for breach of contracts governed by Article 2 of the UCC. *See Hydrite Chem. Co. v. Calumet Lubricants Co.*, 47 F.3d 887, 891 (7th Cir. 1995) ("Liability in a contract case including we suppose a case of breach of warranty [governed by UCC § 2607(5)(a)], though authority is sparse, [citing authority], does not depend on proof of injury. Proof of liability is complete when the breach of contract is shown. *Stromberger v. 3M Co., supra,* 990 F.2d 974, 976. At that point the plaintiff is entitled to nominal damages, even if he cannot show any injury from the breach. [Citing authorities.]"); *Chronister,* 34 F.3d at 466; *Management Sys. Assocs., Inc. v. McDonnell Douglas Corp.*, 762 F.2d 1161, 1180 (4th Cir.1985) (in a case involving a contract for sale of goods under Article 2, the court concluded that, under North Carolina law, nominal damages are a basis for recovery for a breach of contract).

Therefore, because the court finds that there are genuine issues of material fact as to whether the Elevator breached Mr. Scallon's HTAs, even in the absence of any evidence of actual damages, the Elevator's motion for summary judgment against Scallon must also be denied, because Mr. Scallon may assert a claim for nominal damages.[2]

THEREFORE,

Austinville Elevator's December 15, 1998, objections to the affidavit of the Producers' counsel in support of the Produc-ers' resistance to summary judgment are **sustained.** The court has not considered that affidavit or the accompanying letter from Dr. Anthony to Producers' counsel in its disposition of the reasserted motion for summary judgment. However, by the barest of margins, the court concludes that the Elevator's reasserted motion for summary judgment on the Producers' breach-of-contract claims should be, and hereby is, **denied.**

**IT IS SO ORDERED.**

---

2. Although there would seem to be little reason for the Producers to pursue breach-of-contract claims that can afford them such limited relief, if they can prove a prior repudiation by the Elevator, they may have a good defense to the Elevator's own claims for breach of contract against them. Thus, the court concludes that it is up to the Producers to determine just how Pyrrhic such a victory on their breach-of-contract claims would be.