EDWIN NELSON, *Plaintiff in Error,* v. R. E. HALL, *Defendant in Error.*

## Opinion Filed March 31, 1917.

1. Material allegations or averments contained in a pleading which are not denied by the opposite party are for the purposes of the trial considered to be not in issue.

2. An immaterial issue may be tendered and if accepted the parties may go to trial upon it.

3. A trial court should not withdraw a case from the jury by giving a peremptory instruction for either party unless there is evidence before the court that could in law support a verdict contrary to the one directed.

4. Where the trial court directs a verdict for one party to a cause and the evidence is conflicting upon the issue on which the cause was tried and there is evidence to support a contrary verdict, such action of the court will be deemed to be reversible error.

5. Where the issue upon which a cause was tried was whether certain machinery was in "full" operation, the word "full" is construed to mean that the machinery was complete in its essential parts or capable of perfect operation.

Writ of Error to Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment reversed.

*Hudson, Wolfe & Cason,* for Plaintiff in Error;

*John C. Gramling,* for Defendant in Error.

ELLIS, J.—The plaintiff in error brought suit in the Circuit Court for Dade County against R. E. Hall upon three promissory notes, each dated March 20th, 1908.

There were five counts to the declaration; three of them were based on the three promissory notes, the other two were common law counts for materials furnished and money paid by the plaintiff to the defendant at his request.   The declaration alleged that the three notes were made by the defendant R. E. Hall and payable to the International Harvester Company of America, by that company endorsed to the Miami Hardware Company, which endorsed them to the plaintiff, Edwin Nelson.

To this declaration the defendant interposed two pleas, which in substance averred that the notes were given for the purchase of an "Engine, pump and other machinery" to be set up and water supplied on the land of defendant on or before September, A. D. 1908. It was averred, in substance, that the defendant agreed to purchase from the International Harvester Company an irrigating plant consisting of engine, pump and other machinery to be set up and water supplied on defendant's land, and that an "appliance would be furnished which would be attached to said machinery, so that the engineer in charge could turn all the pipes at one time, or with drum attached to engine the pipes would be turned automatically."   The first plea averred that the machinery was not installed and water flowing as agreed, and that the defendant relying upon the promises made by the agents of the International Harvester Company planted a crop on the lands and the crops failed on account of the unsatisfactory manner in which the machinery was set up, and the lack of parts which was agreed to be furnished, and defendant lost his entire crop and the machinery and irrigating plant was worthless to him because the promise of the agents of the company had not been complied with.

The second plea averred that among other promises the agents represented that the irrigating plant would be

in first-class condition in every respect; and although part of the machinery was placed on the land, the machinery was not installed and water flowing as agreed; that the defendant, relying on the promises made, planted a crop which failed on account of the unsatisfactory manner in which the machinery was set up and the lack of parts which was agreed to be furnished, and the defendant lost his entire crop, and the machinery and plant was worthless to defendant because of the failure of the corporation to comply with its promises, and that the plaintiff was not a bona fide holder of the notes for a valuable consideration and without notice, and that when the notes were signed the agent of the International Harvester Company represented to defendant that the notes would not have to be paid until all the machinery was in perfect condition, and that the plaintiff and the International Harvester Company had failed and refused to put the same in perfect condition.

To these pleas the following replication was filed: "Comes plaintiff and for a third replication to defendant's first and second additional pleas, says that the pump, engine, piping and fittings for which the notes sued on were given in payment were delivered to defendant in the fall of 1907 and said machinery had been set up and was in full operation and use by defendant more than four and a half months before the notes sued on in this cause were executed and delivered by defendant to the International Harvester Company of America, and that at the time defendant executed said notes he had, or by the exercise of reasonable diligence could have had, full knowledge that the said machinery had been set up and water supplied on or before November 1st, 1907, and had full knowledge that no appliances had been furnished to be attached to said machinery so that the engineer in charge

could turn all the pipes at one time or with drum attached to the engine would be turned automatically, and that with such knowledge defendant executed and delivered the several notes sued on in payment for said machinery and thereby waived any delay in the setting up of said machinery and thereby waived the alleged defects in said machinery and the absence of such turning device."

According to a well established rule of pleading, allegations or averments that are material to the cause of action or defense which are not denied by the opposite party, are for the purpose of the trial considered to be not in issue. The reason for the rule is that the parties may by their pleadings produce a single issue which is the object of the common law system of pleading. If an immaterial issue is tendered it may be accepted and the parties go to trial upon it. See Cotton States Belting & Supply Co. v. Florida R. Co., 69 Fla. 52, 67 South. Rep. 568; New York Life Ins. Co. v. Mills, 51 Fla. 256, 41 South Rep. 603; Evans v. Kloeppel, decided at the June Term, 1916, 73 South. Rep. 180.

The replication ignored the averments of the two pleas as to the consideration for which the notes were given, and that in the agreement for the purchase of the machinery it was provided that an appliance would be furnished which would be attached to the machinery so that the engineer could turn all the pipes at one time, or with drum attached to engine the pipes could be turned automatically. It also ignored the averments as to the failure to comply with such agreement, and averred the fact to be that the machinery, pump, engine, pipes and fittings, had been set up and was in full operation and use by the defendant for more than four months before the notes sued on were executed and delivered, and that the defendant had thereby waived the alleged defects in the

machinery. In other words, the defendant had by the execution and delivery of the notes several months after the machinery, pump, engine, pipes and fittings, had been set up by the seller and used by the defendant, waived the objection that the seller had failed to comply in every particular with the agreement of sale, particularly the agreement to furnish the appliances to be attached to the machinery.

The defendant accepted the issue and the parties went to trial.

It is contended by plaintiff in error that there was evidence to support the issue of fact tendered by the replication, *viz,* that the notes were executed and delivered four months after the machinery, pump, engine, pipes and fittings, had been set up by the seller on the defendant's land, and was in full operation and use by defendant.

The court, however, instructed the jury to return a verdict for the defendant, which they did. A judgment was entered thereon, to which the writ of error was taken.

The trial court should not withdraw a case from the jury by giving a peremptory instruction for either party unless there is no evidence before the court that could in law support a verdict contrary to the one directed by the court. If there is evidence to support a different verdict, or the evidence is conflicting upon the issue on which the cause is tried, the court errs if he withdraws from the jury the consideration of such evidence, thereby usurping their province and substituting his judgment upon the facts for theirs. McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910; Bass v. Ramos, 58 Fla. 161, 50 South. Rep. 945; Wood v. Gipson, 63 Fla. 316, 58 South Rep. 364.

The principle announced above was expressed in the following language in the cases cited: "A charge direct-

ing a verdict for the defendant should never be given, unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff. If the evidence is conflicting, or will admit of different reasonable inferences, or if there is some evidence tending to prove the issue presented by the plaintiff, it should be submitted to the jury as a question of fact, and not taken from them and passed upon by the judge as a question of law."

The parties are entitled to a jury trial, and where there is evidence received in behalf of one party to support the issue, and it is legally sufficient, he is deprived of his jury trial if the court directs a verdict for the other party. Although after verdict rendered, the court may set it aside and grant a new trial and such order be sustained on writ of error, it does not follow that in such case a directed verdict for the party upon whose motion the new trial was granted would have been proper. See the discussion in Carney v. Stringfellow *et al.,* decided at the present term.

It is admitted by defendant in error in the briefs of counsel that the single issue at which the parties arrived was: "Had the 'plant' been in *full* operation for the time averred in the replication when the notes were executed and delivered by the defendant?" The word "full" was used as an adjective, and carries the meaning of "complete," "entire," "perfect" in describing the noun "operation." See Webster's New. International Dictionary. As applied to the machinery, or its operation, we think the word as used conveyed the meaning that the machinery was complete in all its essential parts, and that it was capable of perfect operation.

We think that the testimony of Edwin Nelson, who said that "the machinery and piping and everything was

set up and water flowing about the first of November, 1907;" that during that time the defendant made no complaint to Nelson about the "machinery or anything about it;" again, "At the time the notes were executed by Mr. Hall he made no complaint whatever as to any defects in the piping or machinery or anything of that kind;" also the testimony of W. F. Miller, who said "The material was all right; it was working satisfactory; if there were any defects in the machinery nobody knew anything of it; the engine was all right, the pump all right, the pipes carried the water without leakage and the nozzles threw all the water that was required of them;" "this plant was set up and in operation in the early part of November, 1907;" "I inspected the whole apparatus when it was put up; I was there when the water was turned on and many times after; I inspected every part of it to see it was complete and working all right;" also the testimony of L. M. Snell, who testified that the defendant had a place near that of the witness, and that in 1907 an irrigating plant was put up on the defendant's place. "The plant began to furnish water on the land and went in operation about the month of November, 1907; I was right there by it; you might say I examined it; I was right there by it daily, continuously; it did the work all right;" and the testimony of others, was quite sufficient, if believed by the jury, to support the issue as tendered by the replication and accepted by the defendant. The peremptory instruction, therefore, was erroneous and the judgment is reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.