G. L. MILLER v. STATE.

177 So. 204.
Division B.
Opinion Filed November 5, 1937
Rehearing Denied December 7, 1937.

*Bart A. Riley,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

PER CURIAM.—On the 4th day of February, 1937, plaintiff in error was convicted by a jury in the Criminal Court of Record of Dade County, Florida, under the second count of an information charging him with the operation of a

gambling house as agent and servant of an unknown principal. The information was under Sections 7657 and 7658 C. G. L. The lower court sentenced plaintiff in error to serve a period of four months at hard labor in the State Penitentiary and a motion for a new trial was overruled, bill of exceptions signed and settled, and writ of error obtained and the cause is here for review on two assignments of error.

The first assignment of error is that the lower court erred in refusing to direct the jury to find a verdict of not guilty at the conclusion of the evidence adduced on the part of the State. It will be observed that this assignment raises the legal sufficiency of the evidence to support the verdict, or did the State in the court below by competent evidence establish the material allegations of count two of the information. The prosecution offered as a witness Frances L. Napier, who went to plaintiff in error's place of business at 115 N. E. First Street in the City of Miami about 2:00 o'clock P. M., on the 21st day of December, 1936, and, after describing the interior of the place of business, testified he saw the defendant Miller receive the sum of $2.00 from a man who asked that he make a play on a horse. Defendant Miller put the $2.00 in his pocket and when witness asked Miller for the privilege of betting on a horse he, Miller, requested witness to obtain proper identification, which he failed to do to the satisfaction of plaintiff in error. The witness was closely interrogated on the part of counsel for plaintiff in error and additional detailed information was obtained as to the name of the horse and date that the $2.00 was bet on. Another witness by the name of Arthur Peavy was called as a witness on behalf of the State. but his testimony was objected to because he had remained in the court room and the lower court would not permit him to

testify. It seems that there was ample evidence to support the finding of the jury on count two of the information. See: Section 4363 C. G. L., Gravette v. Turner, 77 Fla. 311, 81 Sou. Rep. 476.

The second assignment of error is the order overruling and denying plaintiff in error's motion for a new trial. The motion for a new trial contains four separate grounds, all of which raise the question as to the sufficiency of the evidence to sustain the verdict. We have considered this identical question largely on the motion for directed verdict at the close of the testimony. Reversible error has not been made to appear. In the case of Knight v. State, 60 Fla. 19, 53 Sou. Rep. 541, this Court said:

"There is evidence to support the verdict and as there is nothing in the record to indicate that the jury were not governed by the evidence, the verdict will not be set aside as being against the evidence. The credibility and weight of the testimony were determined by the jury. Caldwell and Larkins v. State, 50 Fla. 4, 39 South. Rep. 188; Clinton v. State, 58 Fla. 23, 50 South. Rep. 580."

Substantial justice having been awarded in the court below, the judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.