Chester Dunn and Carlton Baker v. State.

182 So. 803.
Opinion Filed July 8, 1938.
Rehearing Denied July 29, 1938.

356

*Pine & Giblin and Ernest E. Roberts,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

CHAPMAN, J.—This case is here for review on writ of error to the Criminal Court of Record of Dade County, Florida, wherein the defendants were informed against in two counts by the County Solicitor of Dade County. The first count of the information charged the defendants with operating a gambling house on the 5th day of March, 1937, and did unlawfully operate and maintain a room at "Chet's Bar" for gambling purposes, contrary to Section 7657 C. G. L. The second count of the information charged the defendants with gambling. They were arraigned, and each entered a plea of not guilty to each count of the information, and were placed on trial and each convicted under count one of the information, and sentenced to the State Penitentiary at hard labor for a period of four months. The defendants filed separate motions for a new trial and the same by the lower court were overruled and denied.

The transcript shows that when all the evidence had been adduced, counsel for the defendant, Chet Dunn, moved the court for a directed verdict because of the lack of evidence showing a knowledge of any bets being made in his place of business and, further, there was no evidence offered to show he was present at any time when bets were made. The motion for a directed verdict was overruled or denied and the record fails to show an exception to this adverse ruling,

but exceptions were allowed to the order overruling and denying the motions for a new trial.

The sole question presented here is the sufficiency of the evidence to sustain the verdict. The evidence shows that the defendant Dunn owned and operated a bar and pool room in Miami, and that the defendant Baker worked for him on a commission basis. Baker was supposed to wait on the trade at the bar, but when visited by the State's witnesses he was never seen with an apron on or serving the customers of the bar, but occupied a place near the bar and would receive money and would write the number of the horse on the bar, call up over the telephone and place the bet, and then erase the number with a wet rag. The witness Law placed some bets with the defendant Baker, who was arrested and searched and on him were found the serial numbers of certain small bills which were obtained through the County Solicitor. We hold there is ample testimony to sustain the verdict and judgment against the defendant Baker.

Where there is evidence from which all the essential elements of crime may legally have been found, and it does not appear that the jury was influenced by considerations other than the evidence, the order of the trial court refusing to grant a new trial on account of the insufficiency of the evidence, or because the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions for the correctness of the verdict, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust. Pickerson v. State, 94 Fla 268, 113 So. 707. See Bullard v. State, 95 Fla. 997, 117 So. 381.

The witness Law testified that he made four visits to the bar and had seen the defendant Dunn there but one time and did not know what interest he had in the bar, if any,

or the profits from betting. He was never seen with marked money as the defendant Baker. The witnesses for the State identified Baker with operating the gambling room and not the defendant Dunn. We think the motion for a directed verdict for the defendant Dunn should have been granted. In the case of Cannon v. State, 102 Fla. 928, 136 So. 608, the Court considered the question of directing a verdict in a criminal case and said:

"As will be noted by a reference to the foregoing statute, the Legislature has now provided that if after all the evidence shall have been submitted on behalf of the State in any criminal case it be apparent to the judge that no evidence has been submitted upon which the jury could lawfully find a verdict against the defendant in any criminal case that the judge shall upon motion of the defendant direct the jury to find a verdict for the defendant.

"The effect of the 1925 amendment to pre-existing statutes was to make the same rule applicable in criminal cases that is applicable in civil cases with reference to the direction of verdicts by the court and the right to assign error based upon refusals to direct verdicts in cases where verdicts should have been directed. If, therefore, in the present case the judge of the criminal court should have directed a verdict finding the defendants not guilty because of a substantial failure in the State's proof to establish an element of the crime charged, such refusal is assignable in this Court and if the error is found to be well taken, the judgment is subject to reversal therefor."

If there was not sufficient evidence to legally support a verdict for the State in the case at bar, it was the duty of the trial court to direct a verdict for the defendant. See Cameron, etc., Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Roger Co. v. Meinhardt, 37 Fla. 480, 19 So. 878;

Varnes v. Seaboard Air Line R. Co., 80 Fla. 624, 86 So. 433; Burton v. McCaskill, 79 Fla. 173, 83 So. 919; Florida East Coast R. Co. v. Carter, 67 Fla. 335, 65 So. 254, Ann. Cas. 1916E, 1299; Stevens v. Tampa Elec. Co., 81 Fla. 512, 88 So. 303; Smith v. Tampa Elec. Co., 82 Fla. 79, 89 So. 352; Greenblatt v. Bissell Dry Goods Co., 85 Fla. 83, 95 So. 302; Rogers v. Martin, 87 Fla. 204, 99 So. 551; Florida East Coast R. Co. v. Davis, 96 Fla. 171, 117 So. 842, 844; Nelson v. Hall, 73 Fla. 810, 74 So. 877.

The judgment against Carlton Baker appealed from is affirmed and same is hereby reversed and a new trial granted as to Chester Dunn. It is so ordered.

WHITFIELD and BUFORD, J. J., concur.

ELLIS, C. J., and BROWN, J., dissent.

BROWN, J. (dissenting).—It does not appear that Baker "had, kept, exercised or maintained" the proprietor's (Dunn's) place of business as a "gaming room," as denounced by Sec. 7657, C. G. L. It appears that he placed bets on the results of horse races in Dunn's place of business without the proven knowledge of Dunn, the proprietor, and that Baker was therefore guilty of gambling, as denounced by Section 7672 C. G. L., and a conviction under the second count could have been sustained. But he was convicted under the first count, which as to him, does not appear to be sustained by the evidence. One cannot be guilty of "keeping a gaming house" without guilty knowledge, and one cannot be the agent, clerk or servant of a "Keeper of a gaming house" where there is no such keeper. The jury therefore convicted Baker under the wrong count. See Wooten v. State, 24 Fla. 335, 5 So. 39. If the evidence had shown that Baker was, with Dunn's knowledge, violating the law in the capacity of clerk, agent or servant of Dunn, I think this conviction under the first count could

have been sustained, even though he was informed against as a co-principal. McBride v. State, 39 Fla. 442, 22 So. 711.

ELLIS, C. J., concurs.

ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing it is suggested that Carlton Baker and Chester Dunn were indicted and convicted for a violation of Section 7657 C. G. L., and since the evidence was insufficient to sustain a conviction against Chester Dunn that the petitioner, Carlton Baker, should be discharged as he was an employee or agent of Chester Dunn, and as the principal had been discharged, likewise his agent or the employee should be discharged, and that Carlton Baker was guilty of gambling as shown by the evidence and should be prosecuted under Section 7672 C. G. L.

The count of the information under which Carlton Baker was convicted does not charge him under Section 7657 *supra,* of maintaining a gambling house "as the servant or agent of Chester Dunn," but charges Chester Dunn and Carlton Baker *each as principal* with maintaining a gambling room prohibited by Section 7657 C. G. L. The evidence as to Chester Dunn was insufficient. The contention here is that Baker was informed against in the count one and thusly convicted as the agent and employee of Chester Dunn, when the record shows that Carlton Baker and Chester Dunn were informed against in count one and convicted as principals.

The point is clearly settled against the contention of petitioners as shown by a previous decision of this Court in McBride v. State, 39 Fla. 442, text p. 449, 22 So. 711, when it said:

"It is next contended that this statute makes a distinction between a principal and an agent, and that the de-

fendant here was charged as principal, and could not be convicted when the proof showed that he kept and conducted the house as agent merely for other parties who were his principals, and that the court erred in excluding evidence offered to show that he acted only as agent in keeping and conducting the house for other parties. There is no merit in this contention. Section 2645 of the Revised Statutes, immediately following the one under which the information is laid, provides as follows: 'whoever acts as servant, clerk, agent or employe of any person in the violation of the preceding section shall be punished in the manner and to the extent therein mentioned.' The result of the two sections, taken together, is to make all parties concerned in the keeping of a gambling house *principals,* whether in the conduct of same the one acts as agent or clerk of another, or on his own behalf as principal. The first two sections makes the principal liable whether he conducts the establishment in person, or has it conducted for him by an agent, clerk or servant. When conducted by an agent, clerk, or servant, the second of the two quoted sections makes such agent, clerk or servant a principal in the crime equally punishable with his employer, and it is not necessary to indict or charge him as agent, but he can be informed against *as principal* and convicted upon proof showing that he violated the law in the capacity of agent for another."

There is no conflict in the case of McBride v. State, *supra,* and Wooten v. State, 24 Fla. 335, 5 So. 39, 1 L. R. A. 819. The McBride case affirms the construction of the statute made in the Wooten case and goes one step further and settles one point of criminal procedure that was not presented or decided by the Court in the Wooten case. The point settled in the McBride case is found at page 449 and is in the following language: "When conducted by an

agent, clerk or servant, the second of the two quoted sections makes such agent, clerk or servant *a principal in the crime equally punishable with his employer, and it is not necessary to indict or charge him as agent, but he can be informed against as princpal and convicted upon proof showing that he violated the law in the capacity of agent for another."* (Emphasis supplied.) There is no conflict in these two cases.

In the case of Ponder v. State, 76 Fla. 526, text p. 528-9, 80 So. 411, the Court had before it the identical statute now before the Court and held: *"that the statute applies to whoever, directly or indirectly, suffers or permits any person to play for money at any game whatever, in any place of which he may have charge, control or management either exclusively or with others."* (Emphasis supplied.) The Court further said:

"In the case of McBride v. State, 39 Fla. 442, 22 South. Rep. 711, in construing this statute, this Court held that 'the purpose and intent of the section of the Statute under discussion was to prohibit, not the gaming or gambling itself, but the *keeping of a house* or other place for any manner of gaming or gambling.' And it will be noted that the statute applies to whoever, directly or indirectly suffers or permits any person to play for money at any game whatever, in any place of which he may have charge, control or management *either* exclusively or with other.

"The contention and practically the only contention, that is made, is that the place in which the game described in the indictment was played, was in the charge, control or management of the defendant and his brother, and that, therefore, there is a fatal variance between the allegations and the proof, since the indictment alleges that such place was in the exclusive possession and control of the defendant." See Toll v. State, 40 Fla. 169, 23 So. 942; Reinmiller v.

State, 93 Fla. 462, 111 So. 633; Miller v. State, 129 Fla. 831, 177 So. 204.

Petition for rehearing denied.

ELLIS, C. J., and WHITFIELD, BROWN, BUFÒRD and CHAPMAN, J. J., concur.