DOWNEY, Judge.
Initially, appellant entered a plea of not guilty to the charge of unlawfully tormenting a child intentionally causing great bodily harm in violation of § 828.04(1) F.S. 1973, a second degree felony. Subsequently, appellant withdrew her not guilty plea and pleaded guilty to the lesser included offense contained in § 828.04(2), a misdemeanor of the first degree.
Prior to accepting the change of plea the trial judge carefully examined appellant as to the voluntariness of the plea, her appreciation of her rights, and her satisfaction with her counsel. The court then advised appellant of the charge against her and inquired if she was guilty of the charge, to which appellant answered, “no.” He then asked her if she was pleading guilty “because you are afraid that if you went to trial you would receive a more harsh punishment than if you pled guilty to the lesser offense.” Appellant acknowledged that was her reason for pleading guilty. The *865 court ordered a presentence investigation and in due course sentenced appellant to eleven and one-half months in the county jail.
On appeal it is the contention of appellant that the trial court erred in accepting the guilty plea, relying upon Reddick v. State, Fla.App.1966, 190 So.2d 340, as authority for that contention. The Red-dick case is not helpful here. It stands for the proposition that any “undue motivation” inducing an accused to plead guilty vitiates the plea. It is clear from the record in this case there was no “undue motivation.” Appellant calculated her chances and elected not to gamble on proving her innocence. This she had a right to do. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Laird v. State, Fla.App.1973, 280 So.2d 454; Scarborough v. State, Fla.App.1973, 278 So.2d 657.
The real problem in this case is that the trial judge did not comply with Rule 3.170(j) RCrP; he did not determine that there was a factual basis for the plea of guilty. However, based upon the facts of this particular case we find the error in failing to make the factual determination required by the rule is harmless. In support of that conclusion we would point out that appellant does not contend she was prejudiced thereby. The plea in question was the result of plea bargaining. Finally, when appellant advised the court she had not committed the crime but chose to plead guilty to the misdemeanor rather than gamble on the outcome of a trial for the more serious charge, it was quite obvious that she was not unwittingly admitting guilt to a crime she did not commit and such unwitting admission is the evil Rule 3.170(j) seeks to remedy. 1 Wright, Federal Practice & Procedure, § 174 (describing the purpose of Federal Rule of Criminal Procedure 11, the counterpart of our Rule 3.170 (j)); cf. Williams v. State, Fla. 1975, 316 So.2d 267.
The rule in question requires a trial judge to make a determination that there is a factual basis for the plea. Failure to do so is error, but of course not all errors are harmful. We believe this case is a classic example of harmless error. Appellant has not shown any prejudice or manifest injustice resulting from the trial court’s acceptance of her plea under these circumstances. Williams v. State, supra.
For the foregoing reasons, the judgment of conviction under review is affirmed.
WALDEN, C. J., and OWEN, J., concur.