406 So.2d 87 (1981)
Louis SHANNON, Appellant,
v.
STATE of Florida, Appellee.
No. AF-482.
District Court of Appeal of Florida, First District.
November 23, 1981.
*88 Louis Shannon, pro se.
No appearance for appellee.
WENTWORTH, Judge.
Louis Shannon appeals from the trial court's denial of his motion for post-conviction relief, Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Shannon alleged the following grounds for relief in his motion for post-conviction relief: (1) that he was denied his speedy trial rights; (2) that he was charged with a defective and misleading information; (3) that he had been denied effective assistance of counsel; and (4) that there was no factual basis for the trial court to accept his nolo contendere plea. The trial court summarily denied Shannon's motion.
Issues (1), (2), and (3) are all issues which either have been raised in a previous motion for post-conviction relief or could have been raised on direct appeal. Accordingly, there is no basis for relief on these allegations. Shannon's fourth allegation stands in a somewhat different posture. Florida Rule of Criminal Procedure 3.170(j) provides:
No plea of guilty or nolo contendere shall be accepted by a court without first determining, in open court, with means of recording the proceedings stenographically or by mechanical means, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness, and that there is a factual basis for the plea of guilty. (emphasis supplied)
The purpose of the underlined phrase is to insure that the facts of the case fit the offense for which the defendant was charged. Williams v. State, 316 So.2d 267 (Fla. 1975). It is intended to remedy an unwitting admission of guilt to a crime which the defendant did not commit. Bright v. State, 317 So.2d 864 (Fla.4th DCA 1975). However, the defendant must demonstrate that he has been prejudiced or has suffered a manifest injustice by the particular guilty or nolo contendere plea procedure used in his case. Williams, supra. Here, Shannon alleged that there was no factual basis for the Court to accept his plea, that he denied commission of the crimes at the plea bargaining hearing, and that the judge accepted the plea anyway which he was not supposed to have done. We find that such an allegation is sufficient to survive the trial court's summary denial of Shannon's motion:
Where a defendant raises the possibility of a defense to his guilty plea, the potential prejudice is apparent. In such circumstances, *89 a trial judge should make extensive inquiry into factual basis before accepting the guilty plea. Correspondingly, the showing in the record of the source of the factual information supporting the plea should be made with greater specificity... . (emphasis in original; citations omitted)
State v. Kendrick, 336 So.2d 353, 355 (Fla. 1976).
We therefore reverse and remand for the trial court to either attach those portions of the record effectively refuting Shannon's claim or to afford him an evidentiary hearing on his allegation.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
SHAW and THOMPSON, JJ., concur.