511 So.2d 629 (1987)
Stanley HOOVER, Appellant,
v.
STATE of Florida, Appellee.
No. BI-372.
District Court of Appeal of Florida, First District.
July 21, 1987.
Rehearings Denied September 21, 1987.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
*630 BARFIELD, Judge.
In this appeal from a thirty year sentence for sexual battery and lewd assault on his eight year old daughter, Stanley Hoover challenges the trial court's departure from the recommended guidelines sentence, asserting that the reasons given for departure were not "clear and convincing." We do not address the issue raised by appellant, because we find that the trial court committed fundamental error when it accepted appellant's plea of nolo contendere to a charge of sexual battery under section 794.011(4)(e), Florida Statutes (1983).
Although neither party raised the issue addressed in this opinion, consideration of it is essential to the administration of justice. The parties were required to file supplemental briefs and to appear before this Court at oral argument to clarify their positions with respect to the propriety of the trial court's acceptance of the plea under the particular circumstances of this case.
Section 794.011(4)(e), Florida Statutes (1983), which charges sexual battery of a child over the age of eleven by a person in a position of familial or custodial authority over the victim, was not in effect at the time the alleged incidents occurred, having been replaced by section 794.041, Florida Statutes (1984), which charges sexual battery of a child twelve years of age or older by a person in a position of familial or custodial authority over the victim.[1] The undisputed evidence before the court proved the victim was eight years old.
At the time appellant allegedly committed the offenses with which he was charged, the Florida Legislature had provided that a person over the age of eighteen who commits sexual battery upon a person less than twelve years of age, whatever their relationship to each other, is guilty of a "capital" felony punishable by *631 life imprisonment with a mandatory minimum twenty-five year term of incarceration.[2] The legislature had also provided that a person who sexually batters a child twelve years of age or older is guilty of one of several offenses: a life felony[3], a first degree felony,[4] or a second degree felony.[5] Various lesser offenses may be included in these felonies, depending upon the attendant factual circumstances.[6]
The schedule of lesser included offenses in the Florida Standard Jury Instructions in Criminal Cases lists under section 794.011(2), the offense with which appellant was charged, only one category 1 lesser included offense: "battery" (a first degree misdemeanor), and four category 2 lesser included offenses: "attempt" (a first degree felony), "aggravated battery" (a second degree felony), "aggravated assault" (a third degree felony), and "assault" (a second degree misdemeanor).[7]
*632 The prosecutor asserted before the trial court that the parties had agreed that appellant would be permitted to "plead down" from the "capital" felony under section 794.011(2) to the first degree felony of "sexual battery in a familial position" with the understanding that he would be sentenced to thirty years, and that with gain time he would actually serve about eighteen years.[8] Appellant asserts on appeal that the plea was negotiated to avoid the victim's having to testify against her father and to avoid appellant's receiving a life sentence with a twenty-five year minimum mandatory term for "capital" sexual battery, that there was no bargain regarding the sentence, and that he never agreed to a thirty year sentence.
The State's brief contends that the parties agreed that appellant would receive a sentence of thirty years, and that appellant's contention that there was no agreed upon sentence is, in effect, a repudiation of the plea agreement. The State argues that the case should therefore be remanded so that appellant may withdraw his plea and proceed to trial.
Appellant concedes that if a misunderstanding had occurred regarding the plea agreement, the proper remedy would be to allow him to withdraw his plea if he so desired. He asserts, however, that there was no misunderstanding in this case, and that he does not wish to withdraw his plea. Appellant claims he is "perfectly happy" with his plea to a first degree felony and has challenged only his sentence, that jeopardy attached when the trial court accepted his plea, and that the sentences cannot be vacated until he moves to withdraw the plea, which this Court cannot force him to do.
The parties both assert that this Court may not address the fact that appellant *633 pled nolo contendere to a charge for which he could not have been found guilty, arguing that this was a "negotiated plea of convenience" to a first degree felony, which serves to waive any defect, citing Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA 1979), and Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985).[9] The parties apparently misunderstand the purpose and function of a plea of nolo contendere as a "plea of convenience."[10]
We find that the trial court committed fundamental error[11] which this Court may address sua sponte[12], in accepting appellant's *634 plea of nolo contendere to a crime for which he could not have been convicted under the facts before the trial court. It is obvious that the parties and the trial judge in this case either blatantly ignored, or were inexcusably mistaken regarding, the version and terms of the criminal statute in effect when the incidents alleged in the information occurred, and that appellant was therefore improperly allowed to plead to an offense which the evidence before the trial court clearly proved he did not commit, i.e., sexual battery of a child over the age of eleven.
The United States Supreme Court approved acceptance of a "plea of convenience" in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), in which the defendant, charged with first degree murder, protested his innocence but pled guilty to second degree murder to avoid a possible death sentence. The Court noted that the record in that case contained strong evidence of actual guilt. While the record in this case contains evidence that appellant sexually battered his eight year old daughter, and this evidence would support acceptance of a plea of nolo contendere to violation of section 794.011(2), Florida Statutes (1984 and 1985), this same evidence precludes acceptance of such a plea to sexual battery of a child over the age of eleven under any of the other subsections of section 794.011 or under section 794.041.
Florida Rule of Criminal Procedure 3.172(a) requires the trial judge, before he accepts a plea of guilty or nolo contendere, to satisfy himself that the plea is voluntarily entered and that there is a factual basis for it. In Williams v. State, 316 So.2d 267, 271-72 (Fla. 1975), the Florida Supreme Court observed that the purpose of this requirement is "to ensure that the facts of the case fit the offense with which the defendant is charged" and "to avoid a defendant's mistakenly entering a plea of guilty to the wrong offense." The court noted that "a plea may meet the test of voluntariness, knowledge and understanding of the consequences, yet still be inaccurate," and that the normal consequence of a determination that there is not a factual basis for the plea would be for the court to set it aside. Id. Although the court held that the plea in that case was not required to be set aside because Williams had not demonstrated that noncompliance with the rule resulted in prejudice or harm to him, we note that Williams did not involve a situation in which the uncontroverted evidence before the trial court proved that he did not commit the offense to which he pled.
In Eisaman v. State, 440 So.2d 470 (Fla. 5th DCA 1983), the defendant was charged with kidnapping in connection with a convenience *635 store robbery; he negotiated a plea of guilty to false imprisonment. The appellate court noted that "where it is clear from the factual basis presented at the plea hearing that the defendant could not have been convicted of the crime to which he has pleaded guilty, fundamental error has occurred, which can be corrected on appeal," but found that the factual basis to support the lesser included offense in that case "appears prima facie." Id. at 472. Such a finding of a prima facie factual basis to support the offense to which appellant pled cannot be made in the case before us.
In Dydek v. State, 400 So.2d 1255 (Fla. 2d DCA 1981), in which the defendant pled nolo contendere to possession of cocaine and drug paraphernalia, the appellate court held that the evidence was insufficient to support a conviction for possession of drug paraphernalia and that the trial court had erred in accepting the plea, notwithstanding defense counsel's stipulation to a factual basis for the plea. The court noted the requirement of rule 3.172(a) that the trial court "receive in the record factual information to establish the offense to which the defendant has entered his plea" and stated that although appellant did not raise the issue below, "an appellate court will always consider a fundamental error that is apparent on the face of the record." Id. at 1257-58. The court observed: "We can think of no error more fundamental than the conviction of a defendant in the absence of a prima facie showing of the essential elements of the crime charged." Id. Certainly at least as fundamental an error, which the appellate court is obligated to consider, is the conviction of a defendant of an offense when the undisputed evidence proves that an essential element of the crime to which he has pled (here, that the victim is twelve years of age or older) cannot be satisfied.
The court in Waugh v. State, 388 So.2d 253 (Fla. 2d DCA), dism., 394 So.2d 1154 (Fla. 1980), reversed a judgment and sentence for possession of cocaine and remanded for further proceedings, holding that because the defendant could not have been convicted on the facts delineated by the State, he was prejudiced by the trial court's acceptance of his guilty plea. Appellant asserts, in effect, that he was not "prejudiced" by the trial court's acceptance of his plea to an offense, an essential element of which could not be satisfied, because he thereby "escaped" the life sentence with a mandatory minimum twenty-five years incarceration to which he would have been exposed if he had been convicted of the offense with which he was properly charged. It does not follow, however, that this Court is obliged to ignore, and thereby effectively condone, what amounts to an illegal conviction and sentence, because it suits the interests of both the prosecutor and the defendant in this particular case.[13]
Finding no case directly on point, we nevertheless conclude from our examination of the pertinent caselaw that a prosecutor may not negotiate, and a trial court may not accept, a plea of guilty or nolo contendere to an offense which the undisputed evidence shows the defendant did not commit, notwithstanding that the defendant understands and acquiesces, for whatever reason, to the improper procedure. Any conviction and sentence resulting from such a fundamentally invalid plea are illegal. They must be set aside, and the original charges pending prior to the invalid plea must be reinstated.[14]Jolly v. *636 State, 392 So.2d 54 (Fla. 5th DCA 1981)[15]; State v. Vinson, 320 So.2d 50 (Fla. 2d DCA 1975), aff'd, Vinson v. State, 345 So.2d 711 (1977)[16]. See also Bright v. State, 317 So.2d 864 (Fla. 4th DCA 1965)[17]; Shannon v. State, 406 So.2d 87 (Fla. 1st DCA 1981)[18]; Long v. State, 421 So.2d 1089 (Fla. 2d DCA 1982)[19].
The attempt by the prosecutor in this case to find an offense to which appellant could be persuaded to plead, and for which he could be sentenced to a substantial term of years[20], thereby avoiding the expense and uncertainty of a trial on the charge of "capital" sexual battery and protecting the young victim from the emotional strain of having to testify against her own father in court, while perhaps arising from laudable motives, nevertheless resulted in this case in the improper "creation", by an agent of the executive branch of government, of a crime not contemplated by the Florida Legislature.[21] By accepting appellant's plea under this illegitimate "creation", the trial court joined the prosecutor in violating the separation of powers doctrine set out in article II, section 3 of the Florida Constitution.[22]
If the Florida Legislature, acting on behalf of the citizens of this State, had wished to define a lesser offense more serious than a second degree felony which could be included in a charge of "capital" sexual battery (in addition to the lesser included first degree offenses of conspiracy, solicitation and attempt) it would have done so. It might be argued that creation of such a statutory provision would give prosecutors greater leeway in negotiating disposition of such cases and would afford a more effective means of protecting the innocent victim of such a crime from the additional emotional trauma involved in a trial of the defendant (who is often a family member). However, it is for the legislature, *637 not the prosecutors or the courts, to make such a determination. We will not overstep the bounds of proper judicial function, which is to say what the law is, by approving, and thereby participating in, this improper attempt to "legislate" what some apparently think the law should be.
The case is REMANDED to the trial court, which is directed to set aside the plea and resulting conviction and sentence for violation of section 794.011(4)(e), Florida Statutes (1983), and to conduct such further proceedings as are necessary to disposition of this case.
WIGGINTON, J., concurs.
ERVIN, J., dissents, with written opinion.
ERVIN, Judge, dissenting.
I respectfully dissent to the point which the majority has sua sponte decided to address. The issue of the trial court having committed fundamental error by accepting appellant's plea of nolo contendere to a charge of sexual battery, pursuant to Section 794.011(4)(e), Florida Statutes (1983), proscribed as a first-degree felony, was raised neither by appellant nor appellee. In fact, appellant has at all times maintained that he has no quarrel with his conviction of a first degree felony, negotiated as a lesser included offense to a capital felony punishable by life imprisonment, with a mandatory minimum 25-year period of incarceration. Appellant's initial brief raised only the issue of the trial court's departure from the recommended guideline sentence, on the ground that the reasons given were not clear and convincing. After the court asked the parties to prepare supplemental briefs and to orally argue the issue, they responded that the question was one that should not be considered.
I question our right to address as fundamental error a point that appellant has declined to argue on the merits, notwithstanding that an opportunity was furnished to him to so argue. Except in very limited circumstances, such as an appellate court's responsibility to examine the record to the extent necessary to discover any errors apparent on the face of the record when reviewing briefs filed by appellate counsel in Anders (Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)) cases, see State v. Causey, 503 So.2d 321, 322 (Fla. 1987), the usual rule is that a party appealing a judgment must be aggrieved thereby, and that ordinarily error cannot be complained of by anyone unless it affects him prejudicially. Dickinson v. Segal, 219 So.2d 435 (Fla. 1969); Lynn v. Ft. Lauderdale, 81 So.2d 511 (Fla. 1955); King v. Brown, 55 So.2d 187 (Fla. 1951); Dunn v. State, 133 Fla. 355, 182 So. 803 (1938). When the appellant is represented by counsel as here, and that attorney specifically states on behalf of his client that appellant has no intention to attack the error which the majority has asked him to brief, no party has been aggrieved; therefore no error has occurred, even if the error could, in a proper case, be designated as fundamental.
If this error had been raised by appellant, I seriously question whether it would be considered fundamental, reversible error. Appellant voluntarily entered into a negotiated plea to an offense which was in fact, for the reason stated in the majority's opinion, not a lesser offense to Section 794.011(2), Florida Statutes. The rule is clear that it is not fundamental error to convict a defendant of an offense, erroneously believed to be lesser included, when the defendant has the opportunity to object to the charge, and fails to do so, if either the improperly charged offense is lesser in degree or penalty to that of the major offense, or if defense counsel requested the improper charge or relied on that charge, as evidenced by his argument to the jury or took other affirmative action. Ray v. State, 403 So.2d 956, 961 (Fla. 1981); Caulder v. State, 500 So.2d 1362 (Fla. 5th DCA 1986) (on rehearing); Cherry v. State, 389 So.2d 1201 (Fla. 1st DCA 1980), review denied, 410 So.2d 1337 (Fla. 1981).
Since in my judgment the error  given the posture of the case  cannot be considered fundamental, I cannot join the majority in holding that it is.
*638 In regard to the specific error raised by appellant, that the trial judge's reasons in departing from the guideline sentence were invalid, the state responds that the plea was the result of a mutual, voluntary agreement that appellant would receive a sentence of 30 years to the "lesser" offense than that charged under Count I. I can find nothing in the record directly substantiating the state's argument. The public defender has replied by filing a motion to relinquish jurisdiction for the purpose of reconstructing the record of an unreported bench conference, during which, it is represented, the terms of the plea bargain were discussed with the trial judge. Because there exists a factual dispute between the parties as to the terms of the plea agreement, unresolved by the record, I would grant the motion to relinquish jurisdiction to the trial court for the purpose of reconstructing the record, if this can be accomplished. If it clearly appears after remand that appellant agreed upon a maximum sentence of 30 years, I would agree with the state's position that appellant has waived the point that he now argues on appeal. On the other hand, if the record does not demonstrate any such plea agreement, I would address the issue only as appellant has raised it: whether clear and convincing reasons were given by the trial judge to depart from the recommended guideline range.
NOTES
[1] The information charged that appellant committed sexual battery upon the victim, "eight years of age, a person less than twelve years of age," by penetrating her orally or making union with his penis, "on or about the 27th day of January, 1985, and within three months preceding" in violation of section 794.011(2), Florida Statutes, a "capital felony" punishable by life imprisonment with a mandatory 25 year term of incarceration. The information also charged that appellant made a lewd and lascivious assault upon the same victim, by having her masturbate him, contrary to section 800.04, Florida Statutes. Appellant pled nolo contendere to a first degree felony of sexual battery in violation of section 794.011(4)(e) and to the second degree felony of lewd and lascivious assault on a child in violation of section 800.04.

Chapter 84-86, section 1, Laws of Florida, which took effect on October 1, 1984, eliminated section 794.011(4)(e) and renumbered the following subsection. Section 794.011(4)(e), Florida Statutes (1984 and 1985), the statute in effect at the time the offenses with which appellant was charged were allegedly committed, proscribes sexual battery on a person 12 years of age or older, when the victim is mentally defective and the offender has reason to believe this or has actual knowledge of this fact. The parties do not contend that appellant pled guilty to this offense; furthermore, the uncontroverted evidence in the record shows that the victim, appellant's daughter, was not "mentally defective."
Chapter 84-86, section 2, Laws of Florida, created section 794.012, Florida Statutes (1984) (renumbered section 794.041) which provides:
Sexual activity with child by or at solicitation of person in familial or custodial authority; penalties. 
(1) For purposes of this section, "sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object.
(2) Any person who stands in a position of familial or custodial authority to a child 12 years of age or older but less than 18 years of age and who:
(a) Solicits that child to engage in sexual activity shall be guilty of a felony of the third degree punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) Engages in sexual activity with that child shall be guilty of a felony of the first degree punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) The willingness or consent of the child is not a defense to prosecution under this section.
Section 794.041, Florida Statutes (1984 and 1985), was in effect during the time period contemplated by the information. However, appellant was not (and could not have been) charged with this crime (an essential element of which is that the victim is 12 years of age or older, but less than 18 years of age) because the charging document alleges, and the uncontradicted evidence offered below proves, that the victim was 8 years old.
[2] Section 794.011(2), Florida Statutes (1984 and 1985) provides:

A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person less than 12 years of age in an attempt to commit sexual battery upon such person commits a capital felony, punishable as provided in ss. 775.082 and 921.141. If the offender is under the age of 18, that person is guilty of a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[3] Where a deadly weapon or extreme physical force is used, the sexual battery constitutes a life felony under section 794.011(3), Florida Statutes (1984 and 1985).
[4] Under the conditions set out in sections 794.011(4) and 794.041(2)(b), Florida Statutes (1984 and 1985), the sexual battery constitutes a first degree felony.
[5] Where the force used was not likely to cause serious personal injury, the sexual battery constitutes a second degree felony under section 794.011(5), Florida Statutes (1984 and 1985).
[6] A conspiracy, solicitation or attempt to commit a sexual battery which would constitute a capital felony, a category 2 lesser included offense under section 794.011(2), Florida Statutes (1984 and 1985), constitutes a first degree felony under section 777.04(4)(b). A conspiracy, solicitation or attempt to commit a sexual battery which would constitute a life felony or a first degree felony, a category 2 lesser included offense under sections 794.011(2), (3), or (4), constitutes a second degree felony under section 777.04(4)(b). A conspiracy, solicitation or attempt to commit a sexual battery which would constitute a second degree felony, a category 2 lesser included offense under section 794.011(5), is a third degree felony under section 777.04(4)(c). Solicitation of a child to engage in sexual activity under the conditions set out in section 794.041(2)(a) constitutes a third degree felony.

Aggravated battery, a category 2 lesser included offense of sexual battery under sections 794.011(2) and (3), is a second degree felony under section 784.045(1)(a). Aggravated assault, a category 2 lesser included offense of sexual battery under sections 794.011(2), (3) and (4), is a third degree felony under section 784.021(1)(a).
Battery, a category 1 lesser included offense of sexual battery under section 794.011, is a first degree misdemeanor under section 784.03. Assault, a category 2 lesser included offense of sexual battery under section 794.011, is a second degree misdemeanor under section 784.011.
See footnote 7 for discussion of "lewd assault upon a child" under section 800.04, Florida Statutes (1984 and 1985) as a lesser included offense of sexual battery under section 794.011.
[7] See footnote 6. Arguably, another category 2 lesser included offense under sections 794.011(3)-(5), Florida Statutes (1984 and 1985), would be "lewd assault upon a child" under section 800.04(2), Florida Statutes (1984 and 1985). Before 1984, section 800.04 provided:

Any person who shall handle, fondle or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (emphasis added)
Chapter 84-86, section 5, Laws of Florida, rewrote this provision:
Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(3) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years
without committing the crime of sexual battery is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section. (emphasis added)
The term "sexual battery" is defined by section 794.011(1)(h) as:
oral, anal, or vaginal penetration by, or union with, the sexual organs of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
The offense of "lewd assault" under the old version of section 800.04 has been held not to constitute a lesser included offense of sexual battery under section 794.011. Ray v. State, 403 So.2d 956 (Fla. 1981), which involved section 794.011(5); Caulder v. State, 500 So.2d 1362 (Fla. 5th DCA 1986), which involved section 794.011(2). The 1984 amendment appears to indicate a legislative intent to include lewd assault under section 800.04(2) in a charge of sexual battery under sections 794.011(3)-(5) when the victim is between the ages of 12 and 16 years.
As the Florida Supreme Court noted in State v. Hightower, 12 F.L.W. 153 (Fla. April 2, 1987), the preamble to chapter 84-86 indicates the intent of the Florida Legislature to eliminate the anomalous interpretation that one could commit the conduct defined as sexual battery upon a person between the ages of 12 and 16, and yet remain unpunished because of circumstances which would prevent conviction of the crime of sexual battery.
Because section 794.011(2) defines as a capital felony the commission of "sexual battery" (as that term is defined in the statute) upon a child less than 12 years of age, without regard to whether the victim was of previous chaste character or consented, reading the two statutes together indicates a legislative intent to bar inclusion of the second degree felony defined by section 800.04(2) in the capital felony defined by section 794.011(2). 12 F.L.W. at 154 (we note that this case involved a charge of "capital" sexual battery upon a 6 year old child).
However, because sections 794.011(3)-(5) define as a felony (life, first degree, or second degree) commission of "sexual battery" (as that term is defined in the statute) upon a child 12 years of age or older, without that person's consent, reading the two statutes together indicates a legislative intent to allow inclusion of the second degree felony defined by section 800.04(2) in any of the felonies defined by sections 794.011(3)-(5), when the victim is under the age of 16 years. In other words, when a person commits the conduct defined as sexual battery upon a person between the ages of 12 and 16, but the circumstances prevent his conviction of the crime of sexual battery under section 794.011 (i.e., the victim consented), the legislature apparently intends that he can be charged with and found guilty of the second degree felony defined by section 800.04(2).
Therefore, lewd and lascivious assault under section 800.04(2) would arguably be a category 2 lesser included offense of sexual battery under sections 794.011(3)-(5), when the victim is 12 years or older, but under the age of 16. In Young v. State, 506 So.2d 13 (Fla. 5th DCA 1987), the court apparently draws this conclusion, but unfortunately uses a term ("necessarily") usually associated with category 1 lesser included offenses. See also Judge Zehmer's dissent in O'Bright v. State, 508 So.2d 385 (Fla. 1st DCA 1987), and cases cited therein.
[8] Appellant's trial attorney variously agreed and disagreed with the assertion that appellant had agreed to a thirty year sentence. Appellant was sentenced to thirty years for the sexual battery and fifteen years for the lewd assault, to run concurrently.
[9] The parties' reliance on these cases is misplaced. Each involves a technical defect in the charging document, where a factual basis for the charge was otherwise established.
[10] See Peel v. State, 150 So.2d 281 (Fla. 2d DCA 1963), app. dism., 168 So.2d 147 (Fla. 1964), which extensively discusses the plea of nolo contendere, citing annotations at 152 A.L.R. 253 and 89 A.L.R.2d 540. The plea has been variously defined as an "implied confession", a "mild form of pleading guilty", a "substitute for a guilty plea", a "query directed to the court to decide the defendant's guilt", and a "compromise between the government and the defendant".

While the generally accepted rule is that the defendant waives all formal defects in the proceedings by his nolo plea, substantive defects are not cured by entry of the plea. 89 A.L.R.2d at 553, 593. The classic instances warranting withdrawal of the plea involve force, fear, fraud, and inadvertence or mistake. U.S. v. Shneer, 194 F.2d 598 (3d Cir.1952); 89 A.L.R.2d at 576-78. If some inherent fatal defect is apparent in the record, the court is authorized to strike the plea on its own motion "in order to protect the defendant against his own ignorance." See State v. Page, 112 Vt. 326, 24 A.2d 346 (1942), in which the appellate court affirmed the trial court's action in striking a nolo contendere plea to a charge of violating an invalid city ordinance, commending the trial court for shielding the accused from the consequences of an illegal prosecution.
[11] In Ray v. State, 403 So.2d 956, 960 (Fla. 1981), the court observed that fundamental error has been defined as "error which goes to the foundation of the case or goes to the merits of the cause of action" and that the doctrine should be applied only in the rare cases where the interests of justice present a compelling demand for its application. We find such a demand presented in the case before us.

See also United States v. Frady, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816, reh. den., 456 U.S. 1001, 102 S.Ct. 2287, 73 L.Ed.2d 1296 (1982), error "so `plain' that the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it"; Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945), error "so fundamental as not to submit to the jury the essential ingredients of the only offense on which the conviction could rest"; Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682 (1936), error "so fundamental that it made the whole proceeding a mere pretense of a trial and rendered the conviction and sentence wholly void"; United States v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555 (1936), errors which are obvious, or which "otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings"; Clyatt v. United States, 197 U.S. 207, 25 S.Ct. 429, 49 L.Ed. 726 (1905), "Only in the exact administration of the law will justice in the long run be done, and the confidence of the public in such administration be maintained"; Wiborg v. United States, 163 U.S. 632, 16 S.Ct. 1127, 41 L.Ed. 290 (1896), "plain error" in a matter "absolutely vital to defendants."
[12] The following cases, given in chronological order, indicate the willingness of Florida courts to address fundamental errors that have not been preserved, or even raised, by the parties:

Bynum v. State, 76 Fla. 618, 80 So. 572, 573 (Fla. 1919), in which the court found error in Bynum's conviction for carnal intercourse with an unmarried female of previous chaste character, when the uncontroverted testimony proved that the prosecutrix was not a chaste woman, noting that "there can be no legal conviction where the state not only fails to prove its case, but, as happened here, disproved it." (Bynum was overruled to the extent it conflicted with the court's holding in Hunter v. State, 85 Fla. 91, 95 So. 115 (Fla. 1923), that where the defendant had engaged in sexual intercourse with the prosecutrix prior to the time alleged in the indictment, and the prosecutrix had not previously had sexual intercourse with anyone else, the defendant should not be permitted to rely on the assertion that she was not of chaste character at the time alleged in the indictment.)
Holloman v. State, 140 Fla. 59, 191 So. 36 (Fla. 1939), in which the court reversed Holloman's conviction for second degree murder, because the jury's verdict had found him guilty of manslaughter.
Custer v. State, 34 So.2d 100, 112 (Fla. 1948), in which the court reversed a rape conviction because the mother of the victim was allowed to relate to the jury what her daughter said, as well as her own conclusions, noting that it could address fundamental errors not assigned, and observing:
To say that something is fundamental is to comprehend a primary factor as basically essential to the object and purpose in view. Here the purpose is the administration of justice in keeping with the Constitution.
Wyche v. State, 178 So.2d 875 (Fla. 2d DCA 1965), app. dism., 188 So.2d 310 (Fla. 1966), in which the court reversed separate sentences imposed for two offenses involving the same transaction, even though the error was not assigned or argued before it.
Radford v. Town of Palm Beach Shores, 267 So.2d 36, 37 (Fla. 4th DCA 1972), in which the DCA held that the circuit court, sitting in its appellate capacity, had departed from the essential requirements of law when it refused to consider the issue of the constitutionality of the ordinance under which Radford was convicted because the issue was not raised at trial, noting that this question "goes to the very foundation of the validity of the charge."
Haley v. State, 315 So.2d 525 (Fla. 2d DCA 1975), in which the court held that it was fundamental error to convict the defendants of grand larceny because the information charging robbery did not contain an allegation of the value of the stolen property, and observed that the State, by its accusatory pleading, asserts that the defendant is guilty and may be convicted of the offense charged, the attempt to commit the offense charged, and any other category 1 and 2 lesser included offenses of the offense charged, if supported by the proof at trial.
See also Gibson v. State, 194 So.2d 19, 20 (Fla. 2d DCA 1967), in which the court found no fundamental error, but observed:
The Florida cases are extremely wary in permitting the fundamental error rule to be the "open sesame" for consideration of alleged trial errors not properly preserved. Instances where the rule has been permitted by the appellate Courts to apply seem to be categorized into three classes of cases: (1) where an involved statute is alleged to be unconstitutional, (2) where the issue reaches down into the very legality of the trial itself to the extent that a verdict could not have been obtained without the assistance of the error alleged, and (3) where a serious question exists as to jurisdiction of the trial court.
[13] The parties do not dispute that appellant could not have been convicted of the offense to which he pled. Appellant's counsel nevertheless asserted at oral argument before this Court that acceptance by the trial court of appellant's plea was not fundamental error because the parties below agreed to the plea. When asked if the trial court could have accepted a plea to some other offense with a similar punishment, for example armed burglary, appellant's counsel replied, "That would be ridiculous." We agree that acceptance of such a plea would be "ridiculous" because there is no factual basis for the plea, but we fail to see why acceptance of this hypothetical plea is any more "ridiculous", or fundamentally wrong, than acceptance of the actual plea in this case.
[14] We reject appellant's contention that jeopardy attached when the trial court accepted his plea. Jeopardy cannot attach when the accused has been improperly allowed to plead to an offense with which he was not charged and which the uncontroverted evidence proves he could not have committed.
[15] The court noted that the plea negotiations in Jolly were based upon a material mistake of law, held that the court erred in accepting a guilty plea conditioned upon imposition of a mandatory minimum sentence pursuant to a statute which was not applicable, and affirmed the denial of the defendant's motion to correct sentence without prejudice to his right to file a motion to vacate the judgement and sentence, since the proper remedy was to set aside the invalid plea, under which no legal sentence could be imposed, and reinstitute the original charges pending prior to the invalid plea.
[16] Vinson, a doctor, pled nolo contendere to unlawful delivery of a controlled substance. The court held that the trial court had erred in finding Vinson not guilty after an evidentiary hearing, noting that if a trial judge thinks that the underlying facts of the case do not establish the defendant's guilt, the proper procedure is to afford the accused an opportunity to withdraw the plea, or to refuse to accept the plea, enter a plea of not guilty on behalf of the accused, and put the State to the proof of its charge.
[17] The court found that the trial court had not determined that there was a factual basis for a plea of guilty, but deemed it harmless error in this case because Bright did not contend she was prejudiced thereby and "it was quite obvious that she was not unwittingly admitting guilt to a crime she did not commit," the evil which rule 3.170(j) seeks to remedy.
[18] Shannon alleged in a 3.850 motion that there was no factual basis for the trial court to accept his nolo contendere plea. The court noted the purpose of the rule, "to insure that the facts of the case fit the offense" and "to remedy an unwitting admission of guilt to a crime which the defendant did not commit," and remanded for an evidentiary hearing or attachment of portions of the record showing that Shannon was not entitled to relief. 406 So.2d at 88.
[19] The court held that the stipulation of a factual basis in connection with entry of nolo contendere pleas to violation of the RICO statute did not cure a deficiency in the information which was "more than technical." 421 So.2d at 1090.
[20] We note that the trial court could properly have accepted appellant's plea of guilty or nolo contendere to the offense of attempting to commit capital sexual battery, a first degree felony under section 777.04(4)(b), Florida Statutes (1984 and 1985), punishable by up to thirty years incarceration, with the agreement that he would be sentenced to the statutory maximum term of imprisonment.
[21] In effect, the trial court allowed the prosecutor to fashion, and appellant to plead to, a non-existent first degree felony: sexual activity with a child under the age of twelve by a person standing in a position of familial or custodial authority over the victim.
[22] Were this Court to affirm the trial court's acceptance of appellant's plea, we would likewise violate the separation of powers doctrine.